**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PGX HOLDINGS, INC., *et al.*,[1] | ) Case No. 23-10718 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| KIRSTEN HANSEN on behalf of herself and | ) |
| all others similarly situated, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 23-50396 (CTG) |
| | ) |
| PGX HOLDINGS, INC.; PROGREXION | ) |
| HOLDINGS, INC.; PROGREXION | ) |
| TELESERVICES, INC.; PROGREXION | ) |
| MARKETING, INC.; PROGREXION ASG, | ) |
| INC.; PROGREXION IP, INC.; EFOLKS, | ) |
| LLC; CREDITREPAIR.COM, INC.; | ) |
| CREDIT.COM, INC.; and JOHN C. HEATH, | ) |
| ATTORNEY AT LAW PC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ANSWER TO CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**
**FOR ALLEGED VIOLATION OF WARN ACT 29 U.S.C. §2101, ET SEQ.**

PGX Holdings, Inc., Progrexion Holdings, Inc., Progrexion Teleservices, Inc., Progrexion

Marketing, Inc., Progrexion ASG, Inc., Progrexion IP, Inc., eFolks, LLC, CreditRepair.com, Inc.,

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Heath, Attorney At Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

Credit.com, Inc., and John C. Heath, Attorney at Law PC (collectively, the "<u>Defendants</u>") answer or otherwise respond to the Complaint filed by Kirsten Hansen ("<u>Plaintiff</u>" or "<u>Hansen</u>") in the above-captioned adversary proceeding on June 5, 2023.

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants respond to each numbered paragraph of the Complaint as follows.

### Response to "Nature of the Action"

1.      Defendants deny the allegations of paragraph 1 of the Complaint, except that Defendants admit Plaintiff's employment at Progrexion Teleservices, Inc. terminated on or about April 5, 2023.

2.      Defendants deny the allegations of paragraph 2 of the Complaint, except that Defendants admit that Plaintiff was not given at least 60 days' advance notice of her termination.

3.      Paragraph 3 of the Complaint does not consist of an allegation of fact against Defendants, and therefore a response is not required. To the extent a response is required, Defendants deny the allegations contained therein.

4.      Defendants deny the allegations of paragraph 4 of the Complaint, except that Defendants admit that on May 24, 2023, Plaintiff filed another complaint alleging claims like those alleged in Complaint.

5.      Admitted.

### Jurisdiction and Venue

6.      Admitted. Pursuant to Fed. R. Bank. P. 7012(b), Defendants consent to entry of final orders or judgment by the bankruptcy court.

7.      Admitted.

8.      Admitted.

## The Parties

9.      Defendants deny the allegations of paragraph 9 of the Complaint, except Defendants admit Hansen was employed by Progrexion Teleservices, Inc. from approximately February 2013 to April 5, 2023.

10.     Defendants lack sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint, and therefore deny them.

11.     Defendants deny the allegations of paragraph 11 of the Complaint, except Defendants admit Hansen reported to Progrexion Teleservices, Inc.'s facility at 2850 Decker Lake Drive, West Valley City, Utah.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Defendants deny the allegations of paragraph 15 of the Complaint, except Defendants admit that between April 5 and April 6, 2023, Defendants Progrexion ASG, Inc., Progrexion Marketing, Inc., and Progrexion Teleservices, Inc., terminated approximately 900 employees, who did not receive 60 days' advance written notice of their termination.

16.     Defendants deny the allegations of paragraph 16 of the Complaint, except Defendants admit PGX was one of the nation's leading credit repair providers and owns the brands and trademarks "Lexington Law" and "CreditRepair.com." Defendants also admit that they collectively employed over 1,000 employees at their call center before commencing the above captioned Chapter 11 cases on June 4, 2023 (the "Petition Date").

17.     Defendants deny the allegations of paragraph 17 of the Complaint, except Defendants admit PGX Holdings, Inc. is a Delaware corporation with its principal place of business in Salt Lake City, Utah, and holds 100% of the equity interest in Progrexion Holdings, Inc., Credit.com, Inc., eFolks Holdings, Inc., and CreditRepair.com Holdings, Inc.

18.     Defendants deny the allegations of paragraph 18 of the Complaint, except Defendants admit Progrexion Teleservices is a Delaware corporation whose principal place of business is in Salt Lake City, Utah. Defendants admit that Progrexion Teleservices employed approximately 750 telephone services representatives who provided non-legal operational support and services to Lexington Law Firm.

19.     Defendants deny the allegations of paragraph 19 of the Complaint, except Defendants admit that Progrexion Marketing is a Delaware corporation whose principal place of business is in Salt Lake City, Utah. Defendants admit that Progrexion Marketing provided marketing and advertising support services to Defendants.

20.     Defendants deny the allegations of paragraph 20 of the Complaint, except Defendants admit Progrexion ASG, Inc. is a Delaware corporation located in Salt Lake City, Utah that provided administrative support to other Progrexion entities and to John C. Heath Attorney at Law, PC d/b/a Lexington Law Firm.

21.     Defendants deny the allegations of paragraph 21 of the Complaint, except Defendants admit that CreditRepair.com's principal place of business is located in Salt Lake City, Utah.

22.     Admitted.

23.     Defendants deny the allegations of paragraph 23 of the Complaint, except Defendants admit some of the "Progrexion Defendants" operated from a facility at Decker Lake Drive in Salt Lake City, Utah.

24.     Defendants deny the allegations of paragraph 24 of the Complaint, except Defendants admit some of the "Progrexion Defendants" had employees in New Mexico, Ohio and other states.

25.     Defendants deny the allegations of paragraph 25 of the Complaint, except Defendants admit some of the "Progrexion Defendants" maintained facilities at 2155 Freedom Blvd, Provo, Utah; 7 East Main Street, Rexburg, Idaho; 1935 Intermountain Way, Idaho Falls, Idaho; 7725 West Reno Ave. # 393, Oklahoma City, Oklahoma; and 20620 North 19th Avenue, Phoenix, AZ.

26.     Admitted.

### Response to "Factual Allegations"

27.     Defendants deny the allegations of paragraph 27 of the Complaint, except Defendants admit that some of the Defendants branded, marketed, or provided credit repair services under the brands "Lexington Law," and "CreditRepair.com".

28.     Defendants deny the allegations of paragraph 28 of the Complaint.

29.     Defendants deny the allegations of paragraph 29 of the Complaint.

30.     Defendants deny the allegations of paragraph 30 of the Complaint, except Defendants admit that some of the "Progrexion Defendants" had the same officers, including Michael DeVico, Chad Wallace, Eric Kamerath Cameron, Judy Morris, and Ty Weston.

30077164_v1
10565063.v1

31.    Defendants deny the allegations of paragraph 31 of the Complaint, except Defendants admit that the appropriate officers and boards made the decision to layoff the corresponding Defendant's employees in April 2023.

32.    Defendants deny the allegations of paragraph 32 of the Complaint, except Defendants admit that their services were successful in helping to ensure consumers' credit reports contained only fair, accurate and substantiated tradelines.

33.    Defendants deny the allegations of paragraph 33 of the Complaint, except Defendants admit that some of the Defendants' telephone services representatives handled thousands of calls per day.

34.    Defendants deny the allegations of paragraph 34 of the Complaint, except Defendants admit that the telephone services representatives used Progrexion's proprietary software to process information obtained from customers at the customer's request.

35.    Defendants deny the allegations of paragraph 35 of the Complaint, except Defendants admit prior to March 10, 2023, customers were charged a periodic fee for the corresponding Defendant's services.

36.    Defendants deny the allegations of paragraph 36 of the Complaint, except Defendants admit they have a specific mission and culture, which includes assisting hard working consumers address wrongful information on their credit reports.

37.    Defendants deny the allegations in paragraph 37 of the Complaint, except Defendants admit that they intended their places of employment to be a good working environment.

38.     Defendants deny the allegations in paragraph 38 of the Complaint, except Defendants admit that in 2022, some of the Defendants laid off approximately 100 employees some of whom received severance packages where applicable.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations of paragraph 40 of the Complaint, except Defendants admit that on May 2, 2019, the Consumer Financial Protection Bureau ("CFPB") filed a complaint against several of the Defendants styled *Bureau of Consumer Financial Protection v. Progrexion Marketing, Inc., et al.*, Case No. 2:19-CV-00298-BSJ (the "CFPB Litigation"), which speaks for itself.

41.     Defendants deny the allegations of paragraph 41 of the Complaint, except Defendants admit that on December 10, 2021, the CFPB filed a motion for partial summary judgment in the CFPB Litigation, which speaks for itself.

42.     Defendants deny the allegations of paragraph 42 of the Complaint, except Defendants admit that through April 6, 2023, the appropriate Defendants worked on alternative business models that would address the CFPB's concerns.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations of paragraph 44 of the Complaint, except Defendants admit that before January 29, 2023, H.I.G. Capital, LLC, through its subsidiary H.I.G. Progrexion, LLC ("HIG"), was a majority stockholder of Debtor PGX Holdings, Inc. On December 28, 2022, HIG transferred its interest in PGX Holdings to PGX TopCo LLC pursuant to the terms of an agreement of the same date that speaks for itself.

45.     Defendants deny the allegations of paragraph 45 of the Complaint.

46.     Defendants deny the allegations of paragraph 46 of the Complaint.

47.     Defendants deny the allegations of paragraph 47 of the Complaint.

48.     Defendants deny the allegations of paragraph 48 of the Complaint, except Defendants admit that as of "early 2023," Defendants believed they would succeed in defeating the CFPB's allegations, and that Defendants always treated their "employees with the characteristic dignity, respect, and care."

49.     Defendants deny the allegations of paragraph 49 of the Complaint, except Defendants admit on March 10, 2023, the court in the CFPB Litigation entered an order granting partial summary judgment to the CFPB, which order speaks for itself.

50.     Defendants deny the allegations of paragraph 50 of the Complaint, except Defendants admit that they sought a stay of the March 10, 2023, ordered entered in the CFPB Litigation at the district court and the Tenth Circuit Court of Appeals.

51.     Defendants deny the allegations of paragraph 51 of the Complaint, except Defendants admit that on April 3 and April 6, the Tenth Circuit and district court respectively entered orders denying the stay requested, and those orders speak for themselves.

52.     In response to paragraph 52, Defendants admit that on April 5, 2023, Progrexion ASG, Inc., Progrexion Marketing, Inc., and Progrexion Teleservices terminated approximately 80% of their employees, who did not receive severance packages and whose health insurance stopped at the end of that month. Defendants lack sufficient information to admit or deny the balance of the allegations and therefore deny them.

53.     Defendants lack sufficient information to admit or deny the allegations of paragraph 53 of the Complaint of the allegations and therefore deny them.

54.     Defendants deny the allegations of paragraph 54 of the Complaint, except Defendants admit they provide vital services to their customers.

30077164_v1
10565063.v1

**Response to "Federal WARN Class Allegations, 29 U.S.C. §2104(a)(5)"**

55.     Defendants deny the allegations of paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint does not consist of an allegation of fact against Defendants, and therefore a response is not required. To the extent a response is required, Defendants deny the allegations contained therein.

57.     Defendants deny the allegations of paragraph 57 of the Complaint, except Defendants admit they possess information about the number of employees who were laid off by some of the Defendants in April 2023.

58.     Defendants deny the allegations of paragraph 58 of the Complaint, except Defendants admit they possess information about the names and addresses of the employees as of the date their employment ended with Defendants.

59.     Admitted.

60.     Defendants deny the allegations of paragraph 60 of the Complaint, including subparts (a) through (d).

61.     Defendants deny the allegations of paragraph 61 of the Complaint.

62.     Defendants deny the allegations of paragraph 62 of the Complaint.

63.     Defendants lack sufficient information to admit or deny the allegations of paragraph 63 of the Complaint of the allegations and therefore deny them.

64.     Defendants deny the allegations of paragraph 64 of the Complaint.

65.     Defendants deny the allegations of paragraph 65 of the Complaint.

66.     Defendants lack sufficient information to admit or deny the allegations of paragraph 66 of the Complaint of the allegations and therefore deny them.

## Response to "Claim For Relief"

67.     Defendants incorporate their responses to the preceding allegations of the Complaint.

68.     Defendants deny the allegations of paragraph 68 of the Complaint, except Defendants admit that as of April 5, 2023, some of the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week.

69.     Defendants deny the allegations of paragraph 69 of the Complaint.

70.     Defendants deny the allegations of paragraph 70 of the Complaint, except Defendants admit that on April 5, 2023, Hansen was an employee of Defendant Progrexion Teleservices, Inc.

71.     Defendants deny the allegations of paragraph 71 of the Complaint, except Defendants admit that on or about April 5, 2023, Defendants Progrexion ASG, Inc., Progrexion Marketing, Inc., and Progrexion Teleservices, Inc., terminated the employment of several employees.

72.     Defendants deny the allegations of paragraph 72 of the Complaint.

73.     Defendants deny the allegations of paragraph 73 of the Complaint, except Defendants admit that Plaintiff's employment was terminated without cause.

74.     Defendants deny the allegations of paragraph 74 of the Complaint.

75.     Defendants deny the allegations of paragraph 75 of the Complaint.

76.     Defendants deny the allegations of paragraph 76 of the Complaint.

77.     Defendants deny the allegations of paragraph 77 of the Complaint.

78.     Responding to paragraph 78, Defendants admit that Plaintiff and other employees were not paid wages, salary, commissions, bonuses, health and life insurance premiums, accrued

holiday pay and accrued pay time off for a full 60 days following their respective termination, but deny the implication that Defendants were required to pay the same under the circumstances.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part pursuant to 29 U.S.C. § 2102(b)(1) because as of the time that notice would have been required, the corresponding Defendants were actively seeking capital or business which, if obtained, would have enabled them to avoid or postpone the shutdown and the Defendants reasonably and in good faith believed that giving the notice required would have precluded them from obtaining the needed capital or business. Among other things, in December 2022, PGX had entered into a credit facility with Prospect that would have funded the corresponding Defendants' operations for at least 60 days had Prospect disbursed the funds as the Defendants expected by March 31, 2023.

## FOURTH DEFENSE

Plaintiff's claims are barred pursuant to 29 U.S.C. § 2102(b)(2)(A) because the layoffs were caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required, including the district court's and the Tenth Circuit's refusal to stay the district court's order, and Defendants gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to 29 U.S.C. § 2102(b)(3).

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part pursuant to 29 U.S.C. § 2104(a)(4) because any act or omission by the Defendants was in good faith and without intent to deny Plaintiff or alleged class members rights and the Defendants had reasonable grounds for believing such act or omission was not in violation of the WARN Act.

30077164_v1
10565063.v1

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because as of the time of some or all of the layoffs, the corresponding Defendants were acting as liquidating fiduciaries and not "employers" within the meaning of the WARN Act.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part for failure to mitigate.

## EIGHTH DEFENSE

Plaintiff's damages, if any, are not entitled to priority under 11 U.S.C. §§ 503(b), 507(a), or 507(b).

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, estoppel and waiver.

## TENTH DEFENSE

This case may not be maintained as a collective action because Plaintiff is not similarly situated to the individuals Plaintiff purports to represent, and Plaintiff cannot satisfy the requirements necessary to maintain a collective action under 29 U.S.C. § 216(b).

## ELEVENTH DEFENSE

Even if Plaintiff could recover, Plaintiff's damages cannot include both liquidated damages and pre-judgment interest because those forms of relief are duplicative.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff sustained no injury or damages by reason of any act or omission of Defendants.

30077164_v1
10565063.v1

## THIRTEENTH DEFENSE

The Complaint is barred, in whole or in part, insofar as plaintiffs are unable to establish the requisite threshold of employment loss to bring a claim for a particular facility

## RESERVATION OF RIGHTS

Defendants reserve the right to amend or add additional defenses which may become later known during discovery or pretrial procedures.

WHEREFORE, having answered and responded to the allegations of Plaintiff's Complaint, Debtor respectfully requests that:

(1) Plaintiff's claims be dismissed with prejudice in their entirety;

(2) Plaintiff's Prayer for Relief be denied;

(3) Judgment be entered against Plaintiff and for Debtors; and

(4) Debtors be awarded their costs, including reasonable attorneys' fees and expenses in the amount and manner permitted by applicable law.

*[Remainder of Page Intentionally Left Blank]*

30077164_v1
10565063.v1

Dated:  July 5, 2023
Wilmington, Delaware

/s/ *Domenic E. Pacitti*
_____

**KLEHR HARRISON HARVEY
BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:      (302) 426-1189
Facsimile:      (302) 426-9193
Email:   dpacitti@klehr.com
          myurkewicz@klehr.com

   -and-

Morton R. Branzburg (*pro hac vice* pending)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:      (215) 569-3007
Facsimile:      (215) 568-6603
Email:  mbranzburg@klehr.com

*Proposed Co-Counsel to the Debtors and Debtors
in Possession*

**HOLLAND & HART LLP**
Bryan Benard (*pro hac vice* forthcoming)
Engels J. Tejeda (*pro hac vice* forthcoming)
222 South Main Street, Suite 1200
Salt Lake City, Utah 84105
Telephone:      (801) 799-5800
Facsimile:      (877) 665-1699
Emails:  bbenard@hollandhart.com
          ejtejeda@hollandhart.com

*Proposed Special Employment Counsel to the Debtors
and Debtors in Possession*