## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PGX HOLDINGS, INC., *et al.* , | Case No. 23-10718 (CTG) |
| Debtors.[1] | (Jointly Administered) |
| KIRSTEN HANSEN on behalf of herself and all others similarly situated, | |
| Plaintiff, | Adv. Proc. No. 23-50396 (CTG) |
| v. | |
| PGX HOLDINGS, INC.; PROGREXION HOLDINGS, INC.; PROGREXION TELESERVICES, INC.; PROGREXION MARKETING, INC.; PROGREXION ASG, INC.; PROGREXION IP, INC,; EFOLKS, LLC; CREDITREPAIR.COM, INC.; CREDIT.COM, INC.; and JOHN C. HEATH, ATTORNEY AT LAW, PLLC, | |
| Defendants. | |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR
## CLASS CERTIFICATION AND RELATED RELIEF

| | |
|---|---|
| **RAISNER ROUPINIAN LLP** | Christopher D. Loizides (No. 3968) |
| Jack A. Raisner *(pro hac vice forthcoming)* | **LOIZIDES, P.A.** |
| René S. Roupinian *(pro hac vice forthcoming)* | 1225 King Street, Suite 800 |
| 270 Madison Avenue, Suite 1801 | Wilmington, Delaware 19801 |
| New York, New York 10016 | Telephone: (302) 654-0248 |
| Telephone: (212) 221-1747 | Facsimile: (302) 654-0728 |
| Facsimile: (212) 221-1747 | E-mail: loizides@loizides.com |
| Email: jar@raisnerroupinian.com | |
| Email: rsr@raisnerroupinian.com | |

Dated: August 4, 2023

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Heath, Attorney at Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the Debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

**TABLE OF CONTENTS**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING .... **Error! Bookmark not defined.**

SUMMARY OF ARGUMENT ................................................................................................ 2

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT .................................................................................................................... 4

    I.    WARN Claims are Especially Appropriate for Class Certification ......................... 4

    II.    Class Certification is Appropriate in the Bankruptcy Context ................................ 6

    IV.    The Proposed Class Satisfies the Requirements of Rule 23 ................................. 10

        A.    The Proposed Class Meets the Requirements of Fed. R. Civ. P. 23(a) ............................ 10

            1.    Numerosity Requirement is Satisfied ........................................................... 10

            2.    Questions of Law and Fact Are Common to All Members of the Proposed Class ........ 12

            3.    The Claims of the Representative are Typical of the Claims of the Class .................... 14

            4.    Plaintiff Will Fairly and Adequately Protect the Interests of the Class ......................... 15

        B.    The Proposed Class Meets the Requirements of Rule 23(b)(3) ......................................... 16

    V.    The Court Should Appoint the Undersigned Class Counsel ................................... 20

    VI.    The Court Should Appoint Plaintiff the Class Representative ................................ 20

    VII.    The Form and Manner of Service of Notice are Proper .......................................... 21

CONCLUSION ................................................................................................................ 22

# TABLE OF AUTHORITIES

Page(s)

Cases

*Albemarle Paper Co. v. Moody,*
 422 U.S. 405 (1975) .......................................................................................................... 13

*Alberts v. Nash Finch Company,*
 245 F.R.D. 399 (D. Minn. 2007) ....................................................................................... 17

*Amchem Prods., Inc. v. Windsor,*
 521 U.S. 591 (1997) .................................................................................................... 19, 26

*Amgen v. Connecticut Retirement Plans and Trust Fun,*
 568 U.S. 455  (2013) ......................................................................................................... 15

*Applegate v. Formed Fiber Technologies, LLC,*
 No. 10–CV–00473–GZS, 2012 WL 3065542 (D. Me. July 27, 2012) .......................... 7

*Assif v. Titleserv, Inc.,*
 288 F.R.D. 18 (E.D.N.Y. 2012) ......................................................................................... 8

*Baby Neal for & by Kanter v. Casey,*
 43 F.3d 48 (3d Cir. 1994) ........................................................................................... 22, 23

*Beck v. Maximus, Inc.,*
 457 F.3d 291 (3d Cir. 2006) ....................................................................................... 23, 24

*Behrend v. Comcast Corp.,*
 245 F.R.D. 195 (E.D. Pa. 2007) ................................................................................. 20, 22

*Bledsoe v. Emery Worldwide Airlines, Inc.,*
 635 F.3d 836 (6th Cir. 2011) ...................................................................................... 11, 12

*Burgio v. Protected Vehicles, Inc.,*
 392 B.R. 633 (Bankr. D.S.C. 2008) ................................................................................. 11

*Cain v. Inacom Corp.,*
 Adv. No. 00-1724-PJW, 2001 WL 1819997 (Bankr. D. Del. Sept. 26, 2001) .............. 28

*Califano v. Yamasaki,*
 442 U.S. 682 (1979) .......................................................................................................... 22

ii

*Cannon v. Cherry Hill Toyota Inc.*,
  184 F.R.D. 540 (D.N.J. 1999) ............................................................ 24

*Cashman v. Dolce International/Hartford*,
  225 F.R.D. 73 (D. Conn. 2004) ......................................................... 20

*Conn v. Dewey & LeBoeuf LLP*,
  487 B.R. 169 487 B.R. 169 (Bankr. S.D. N.Y. 2013) .................... 8, 10, 12, 14

*Eisen v. Carlisle & Jacquelin*,
  391 F.2d 555 (2d Cir. 1968) *cert. denied*, 417 U.S. 156 (1974) 417 U.S. 156 (1974) ................ 25

*Feret v. Corestates Fin. Corp.*, No. CIV. A.,
  97-6759, 1998 WL 512933 (E.D. Pa. Aug. 18, 1998) .................... 21

*Finnan v. L.F. Rothschild & Co.*,
  726 F. Supp. 460 (S.D.N.Y. 1989) .................................................. 8, 20

*Gates v. Rohm & Haas Co.*,
  248 F.R.D. 434 (E.D. Pa. 2008) ...................................................... 20, 24

*General Tel. Co. v. Falcon*,
  457 U.S. 147 (1982) ........................................................................ 22

*Gentry v. Siegel*,
  668 F.3d 83 (4th Cir. 2012) ............................................................ 29

*Georigi v. Recon Automotive Remanufacturers*,
  CIV.A. 07-5509, 2009 WL 1312607 (E.D. Pa. May 7, 2009) ........ 27, 28

*Goldman v. Radioshack Corp.*,
  Civ.A. 03-0032, 2005 WL 1124172 (E.D. Pa. May 9, 2005) ......... 25

*Gomez v. American Garment Finishers Corp.*,
  200 F.R.D. 579 (W.D. Tex. 2000) .................................................. 22

*Grimmer v. Lord, Day & Lord*,
  *94 CIV. 8795 (MGC), 1996 WL 139649 (S.D. N.Y. Mar. 8, 1996)* 9, 21

*Hoover v. Drivetrain LLC*,
  AP 20-50966, 2022 WL 3581103 (Bankr. D. Del. Aug. 19, 2022) ........ 16

*In re Brokerage Antitrust Litigation*,
  282 F.R.D. 92 (D.N.J. 2012) ........................................................... 30, 31

*In re Charter Co.*,
  876 F.2d 866 (11th Cir. 1989) ........................................................ 21

*In re Chaparral Energy, Inc.*,
  571 B.R. 642 (Bankr. D. Del. 2017) ........................................................................ 29

*In re Connaught Group, Ltd.*,
  491 B.R. 88 (Bankr. S.D.N.Y. 2013) .......................................................... 13, 18, 29

*In re First Interregional Equity Corp.*,
  227 B.R. 358 (Bankr. D.N.J. 1998) ......................................................................... 25

*In re Kaiser Group Int'l*,
  278 B.R. 58 (Bankr. D. Del. 2002) .................................................................... 20, 29

*In re MF Global Inc.*,
  512 B.R. 757 (Bankr. S.D.N.Y. 2014) ................................................................ 18, 29

*In re Partsearch Technologies, Inc.*,
  453 B.R. 84 (Bankr. S.D.N.Y. 2011) ....................................................................... 21

*In re Spring Ford Indus., Inc.*,
  No. 02–15015, 2004 WL 231010 (Bankr. E.D. Pa. Jan. 20. 2004)......................... passim

*In re Taylor Bean & Whitaker Mortg. Corp.*,
  2010 WL 4025873 (Bankr. M.D. Fla. September 27, 2010)....................................... 21

*In re TSC Glob., LLC*,
  12-10505 (KG), 2013 WL 6502168 (Bankr. D. Del. June 26, 2013) ............................ 9

*In re TWL*,
  712 F.3d 886 (5th Cir. 2013)........................................................... 13, 14, 15, 29

*In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*,
  722 F.3d 838 (6th Cir. 2013)............................................................................. 6, 17

*In re: A-P-A Transport Corp. Consol. Litig.*,
  No. 02–3480, 2005 WL 3077916 (D. N.J. Nov. 16, 2005)................................... passim

*Johnston v. HBO Film Management, Inc.*,
  265 F.3d 178 (3d Cir. 2001)............................................................................ 22, 24

*Kleen Prod. LLC*,
  831 F.3d 919 (7th Cir. 2016).................................................................................. 17

*May v. Blackhawk Mining, LLC*,
  319 F.R.D. 233 (E.D. Ky. 2017) ........................................................................... 6, 16

*Miller v. Columbus Steel Castings Co., et al.*, Adv.,
  Proc. No. 16-50997 ................................................................................................ 8

iv

*Moskovitz v. Loop*,
128 F.R.D. 624 (E.D. Pa. 1989) ................................................................................. 20

*Nelson v. Formed Fiber Technologies, LLC,*
2:10–CV–473, 2012 WL 118490 (D.Me. Jan. 13, 2012) ............................................. 12

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
259 F.3d 154 (3d Cir. 2001) ....................................................................................... 20

*Nolan v. Reliant Equity Investors, LLC,*
3:08–CV–62, 2009 WL 2461008 (N.D. W.Va. Aug. 10, 2009) ................................... 26

*Phillips Petroleum Co. v. Shutts,*
472 U.S. 797 (1985) .................................................................................................... 28

*Powers v. Lycoming Engines,*
245 F.R.D. 226 (E.D. Pa. 2007) ................................................................................. 23

*Ramcharan v. A.F.L. Quality, Inc.,*
No. 1:12-CV-07551, 2014 WL 4388579 (D. N.J. Sept. 5, 2014) ............................ 7, 23, 26, 27

*Rosenau v. Unifund Corp.,*
646 F.Supp.2d 743 (E.D. Pa. 2009) ........................................................................... 30

*Schwartz v. Gregori,*
45 F.3d 1017 (6th Cir.1995) ....................................................................................... 12

*Stewart v. Abraham*,
275 F.3d 220 (3d Cir. 2001) ....................................................................................... 20

*Swede v. Wood-Mode, Inc.*,
4:19-CV-00845, 2019 WL 6771742 (M.D. Pa. De. 12, 2019) .................................... 28

*Thomay v. Klausner Lumber One, LLC*, Adv.,
Proc. No. 20-50602 ...................................................................................................... 8

*Tyson Foods, Inc. v. Bouaphakeo,*
577 U.S. 442 (2016) .................................................................................................... 16

*Varacallo v. Massachusetts Mut. Life Ins. Co.*,
226 F.R.D. 207 (D.N.J. 2005) ............................................................................. 25, 30

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) .................................................................................................... 15

*Wetzel v. Liberty Mutual Ins. Co.,*
508 F.2d 239 (3d Cir. 1975) ....................................................................................... 18

*Young v. Fortis Plastics, LLC*,
   294 F.R.D. 128 (N.D. Ind. 2013) ............................................................................... 6

Statutes

11 U.S.C. § 507(a)(4) or (5) ........................................................................................... 4
29 U.S.C. § 2101(a)(1) .............................................................................................. 2, 20
29 U.S.C. § 2101(a)(5) and (iv) ..................................................................................... 2
29 U.S.C. § 2102(a) ........................................................................................................ 2
29 U.S.C. § 2104 ............................................................................................................. 2
29 U.S.C. § 2104(a)(5) ............................................................................................... 3, 6
29 U.S.C. §§ 2101 .......................................................................................................... 1

Rules

Fed. R. Civ. P. 23(a) .............................................................................................. passim
Fed. R. Civ. P. 23(c)(2)(B) ..................................................................................... 30, 31
Fed. R. Bankr. P. 7001(7) ........................................................................................ 9, 10
Fed. R. Bankr. P. 7023 ....................................................................................... 1, 3, 9
Fed. R. Civ. P. 23(a)(2) ................................................................................................ 22
Fed. R. Civ. P. 23(a)(4) ..................................................................................... 24, 25, 27
Fed. R. Civ. P. 23 .................................................................................................. passim
Fed. R. Civ. P. 23(a) and (b)(3) ..................................................................................... 3
Fed. R. Civ. P. 23(a)(1) ......................................................................................... 20, 21
Fed. R. Civ. P.23(a)(3) ................................................................................................. 23
Fed. R. Civ. P.23(b) ..................................................................................................... 18
Fed. R. Civ. P. 23(b)(3) .......................................................................................... passim
Rule 23(c)(3) ................................................................................................................. 30

Other Authorities

Class Certification in the Age of Aggregate Proof,
   84 N.Y.U. L. Rev. 97 (2009) ...................................................................................... 16

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff Kirsten Hansen ("Plaintiff"), on behalf of herself and others similarly situated, commenced this class action adversary proceeding on Jun 5, 2023, having filed a district court complaint on May 24, 2023 against PGX Holdings, Inc. ("PGX"), and its subsidiaries, Progrexion Holdings, Inc. (Progrexion Holdings"), Progrexion Teleservices, Inc. ("Progrexion Teleservices"), Progrexion Marketing, Inc. ("Progrexion Marketing"), Progrexion ASG, Inc. ("Progrexion ASG"), Progrexion IP, Inc., eFolks, LLC ("eFolks"), Creditrepair.com, Inc. ("Creditrepair.com"), Credit.Com, Inc., ("Credit.com") and John C. Heath, Attorney at Law, PLLC (Heath PC), (cumulatively, the "Defendants") for violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act").  Plaintiff alleges that she and approximately 900 other employees of Defendants were working at, receiving assignments from, or reporting to Defendants' facilities in Utah,  Idaho, Oklahoma, and Arizona and were terminated without cause beginning April 5, 2023, without receiving 60 days' written notice as required by the WARN Act.   Plaintiff seeks to recover up to 60 days' pay and benefits for this group.

Plaintiff now moves, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7023, for an Order: (a) certifying a class defined as:

> Plaintiff and other similarly situated employees of Defendants: (i) who worked at, received assignments from, or reported to the Facilities, (ii) who were terminated without cause within 90 days of April 5, 2023, or in reasonable anticipation of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant on or about April 5, 2023, (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5), and (iv) who have not filed a timely request to opt-out of the class;

(b) appointing Raisner Roupinian LLP as Class Counsel, (c) appointing Plaintiff as the Class Representative, (d) approving the form and manner of Notice, and (e) ordering such further relief as

this Court may deem proper. In addition to this brief filed herewith are Plaintiff's supporting declaration (Exh. A), the Declaration of René S. Roupinian (Exh. B), a proposed notice to the class (Exh. C), and a proposed order granting the relief sought in the motion (Exh. D).

## SUMMARY OF ARGUMENT

The federal Worker Adjustment and Retraining Notification Act ("WARN Act") requires employers to provide sixty days' written notice to employees and to relevant local government entities before instituting a "plant closing" or "mass layoff." 29 U.S.C. § 2102(a). A covered employer is one that employs at least 100 full-time employees. 29 U.S.C. § 2101(a)(1). The statute provides a cause of action for any employee who suffers a covered employment loss without receiving the statutorily required notice. 29 U.S.C. § 2104. Notably, the Act itself expressly emphasizes the appropriateness of class-based proceedings to enforce the law and to obtain the statutory relief: "A person seeking to enforce such liability … may sue either for such person or for other persons similarly situated, or both, in any district court of the United States…" 29 U.S.C. § 2104(a)(5).

Plaintiff seeks class certification pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7023. This brief will explain why Plaintiff satisfies all requirements for certification under the rules.

## STATEMENT OF FACTS

Defendants operated the largest credit repair service in the nation. Late in the afternoon on Wednesday April 5, 2023, Plaintiff and other similarly situated employees received an email signed by the then-CEO Mike DeVico with the subject matter "Company Closure/Layoffs." It informed them that they were no longer employed. There was no advanced warning. That day, Defendants shut down, terminating approximately 80% of its employees. The employees were paid no severance. They were told their health insurance would stop at the end of the month.

2

On May 24, 2023, Plaintiff filed a Class Action Complaint against several Defendants in the U.S. District Court for the District of Utah.   On June 4, 2023, Defendants filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The cases are being jointly administered under Case No. 23-10718 (CTG).

On June 5, 2023, Plaintiff filed a Class Action Adversary Proceeding Complaint against Defendants in this Court for violation of the WARN Act (the "Complaint") (Adv. D.I. 1). The Complaint asserts that Defendants are liable to Plaintiff and the putative class for damages in the amount of 60 days' pay and ERISA benefits because of Defendants' violation of the WARN Act. (Adv. D.I. 1, ¶ 1). The Complaint asserts that the damages are entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(4) or (5), and the remainder as a general unsecured claim. (Adv. D.I. 1, ¶ 4 and Prayer for Relief).

The Complaint alleges a Rule 23(b)(3) class claim arising from Defendants' violation of the WARN Act. (Adv. D.I. 1, ¶¶ 3, 55). The Complaint alleges that along with Plaintiff, other similarly situated employees of Defendants who worked at, reported to, or received assignments from the Defendants' facilities were terminated during the 90-day period beginning April 5, 2023 . (Adv. D.I. 1, ¶ 55).  The Complaint alleges that Defendants were an employer of the putative class as that term is defined by the WARN Act. (Adv. D.I. 1, ¶¶ 62, 69). The Complaint further alleges that Plaintiff and the putative class were not provided 60 days advance written notice of their terminations, as required by WARN. (Adv. D.I. 1, ¶ 75).

The Complaint further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23(a) because there are common questions of law and fact that are applicable to all members of the Class; that the Class is so numerous as to render joinder of all members impracticable; that Plaintiff's claims are typical of the claims of the other Class Members; that Plaintiff will fairly and

3

adequately protect and represent the interests of the Class; that Plaintiff has the time and the resources to prosecute this action; and that she has retained counsel who have extensive experience in matters involving employment class actions and the WARN Act.  (Adv. D.I. 1, ¶¶ 55-65).

The Complaint further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23(b)(3) because there are questions of law and fact common to the class members that predominate over any questions affecting only individual members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; particularly in the context of WARN Act litigation, where an individual plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. (Adv, D.I. 1, ¶¶ 56-64).

On July 7, 2023, Defendants answered Plaintiff's Complaint, denying liability but admitting among other allegations that each of the facilities had employed 50 or more full-time employees (Adv. D.I. 4, ¶26).

## ARGUMENT

### I.    WARN Claims are Especially Appropriate for Class Certification

WARN Act enforcement relies on representative actions brought by employees as of right: "A person seeking to enforce such liability … may sue *either for such person or for other persons similarly situated*, *or both*, in any district court of the United States…."  29 U.S.C. § 2104(a)(5) (emphasis added).  Hence, "WARN Act plaintiffs have the right to bring representative actions to enforce the Act." *May v. Blackhawk Mining, LLC*, 319 F.R.D. 233, 236 (E.D. Ky. 2017).  The complimentary procedure supporting the right is Rule 23 which is the "'metho[d]' best suited to" adjudicate WARN controversies 'fairly and efficiently.'"  *Id.,* at 238., citing *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 722 F.3d 838, 851 (6th Cir. 2013); see *Young v. Fortis Plastics, LLC*, 294 F.R.D. 128, 134 (N.D. Ind. 2013) ("The WARN Act indicates that class treatment

4

may be appropriate in this type of litigation, providing that a person may sue 'for other persons similarly situated.'"); *Applegate v. Formed Fiber Technologies, LLC*, No. 10–CV–00473–GZS, 2012 WL 3065542, at *3 (D. Me. July 27, 2012) (same).

Because WARN events strike only large groups of 50 or more employees, Third Circuit courts have frequently certified WARN classes. *Ramcharan v. A.F.L. Quality, Inc.,* No. 1:12-CV-07551, 2014 WL 4388579, at *3 (D. N.J. Sept. 5, 2014), *on reconsideration in part,* No. CIV. 12-7551 RMB/AMD, 2015 WL 4275534 (D. N.J. Apr. 14, 2015); *In re Spring Ford Indus., Inc.,* No. 02–15015, 2004 WL 231010, at *6 (Bankr. E.D. Pa. Jan. 20. 2004) ("I would agree, at least with respect to the numerosity requirement, that '[t]he WARN Act seems *particularly amenable* to class litigation'") (citations omitted; emphasis added)); *In re: A-P-A Transport Corp. Consol. Litig.,* No. 02–3480, 2005 WL 3077916 (D. N.J. Nov. 16, 2005)(same) (See also, Decl. of R. Roupinian, listing cases). *See also*, *Miller v. Columbus Steel Castings Co., et al.*, Adv. Proc. No. 16-50997-CSS (ECF No. 31)(Bankr. D. Del.) (WARN class certified); *Thomay v. Klausner Lumber One, LLC*, Adv. Proc. No. 20-50602-KBO (Bank. D. Del.)(WARN class certified for settlement purposes); *In re Klausner Lumber Two LLC*, Case No. 20-11518-KBO (Bank. D. Del.)(same).

Other federal courts also have found WARN "particularly amenable to class litigation." *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989); *Ien v. Transcare Corp.* 16-01033-SMB (Bankr. S.D. N.Y.)(D.I. 46)(WARN class certified); *Assif v. Titleserv, Inc.*, 288 F.R.D. 18 (E.D.N.Y. 2012)(same); *Conn v. Dewey & LeBoeuf LLP,* 487 B.R. 169, 179 n. 8 (Bankr. S.D. N.Y. 2013) (collecting cases); *Grimmer v. Lord, Day & Lord*, 94 CIV. 8795 (MGC), 1996 WL 139649, at *2 (S.D. N.Y. Mar. 8, 1996) ("[T]he WARN Act provisions lend themselves to class action because they provide for limited recovery.").

## II.    Class Certification is Appropriate in the Bankruptcy Context

Federal Rule of Bankruptcy Procedure 7023 unequivocally provides that class action rules shall apply in adversary proceedings: "Fed. R. Civ. P. 23 applies in adversary proceedings."  It is well established in this district and others that WARN claims are properly brought as adversary proceedings, pursuant to Fed. Rule Bankr. P. 7001(7), because they seek equitable relief.  See *In re TSC Glob., LLC*, 12-10505 (KG), 2013 WL 6502168, at \*3-4 (Bankr. D. Del. June 26, 2013)(collecting cases) ("The Court concludes that WARN Act claims seek equitable relief, and in doing so relies upon the well-reasoned opinion of Judge Martin Glenn in *In re Dewey & Leboeuf LLP*").

Judge Glenn found a strong the connection between WARN and equity, which led the Court conclude that a WARN Act claim *had* to be asserted in the form of an adversary proceeding rather than a proof of claim because the claim sought equitable relief.  *In re Dewey & Leboeuf LLP,* 487 B.R. 169, 174 (Bankr. S.D.N.Y. 2013),  The *Dewey* Court noted that Bankruptcy Rule 7001(7) requires an adversary proceeding "to obtain an injunction or other equitable relief."  The *Dewey* Court held that "[s]uccessful WARN Act plaintiffs recover back pay as equitable restitutionary relief as opposed to damages—WARN Act plaintiffs are not seeking 'compensation for the damages flowing from their discharge, but a reimbursement of those salaries and benefits, calculated on a per diem basis, which were due to them on the date they were laid off.'" *Id*., at 176–77 (quoting *Burgio v. Protected Vehicles, Inc.,* 392 B.R. 633, 638 (Bankr. D.S.C. 2008)). *See also Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836, 843 (6th Cir. 2011) (recognizing that WARN Act plaintiffs seek "wrongfully withheld funds—here back pay and benefits that should have been paid").

Besides the finding of the *Dewey* Court that WARN Act back pay is restitutionary relief, courts have identified at least three other facets of WARN Act claims that ground it in equity.  First, WARN claims are invariably brought as class actions, and class actions themselves are rooted in

equity. *Burgio,* 392 B.R. at 636-637 ("Class actions have their roots grounded firmly in equity."). Second, WARN Act relief provides for the recovery of benefits which are ERISA-related and thus equitable in character. *See, Bledsoe v. Emery Worldwide Airlines, Inc.,* 635 F.3d at 843 (recognizing that WARN plaintiffs seek "wrongfully withheld funds—here back pay and *benefits that should have been paid.*") (emphasis added); *Schwartz v. Gregori,* 45 F.3d 1017, 1022–23 (6th Cir. 1995) (finding back pay awarded for retaliatory discharge in violation of ERISA constituted restitution and was, therefore, an equitable remedy available under ERISA); *Nelson v. Formed Fiber Technologies, LLC,* 2:10–CV–473, 2012 WL 118490, at *4–5 (D. Me. Jan. 13, 2012), report and recommendation adopted, 2:10–CV–473, 2012 WL 1253050 (D. Me. Apr. 13, 2012).   Third, WARN claims are grounded in equity because the court retains discretion to reduce the amount of the relief awarded based on a showing of good faith by the defendant. *In re Dewey & LeBoeuf LLP*, 487 B.R. at 177; *See also, Bledsoe,* 635 F.3d at 844 ("the WARN Act places the entire amount of the liability in the district court's discretion. This reinforces our view that the WARN Act remedies at issue are equitable in nature.") *cf. Albemarle Paper Co. v. Moody,* 422 U.S. 405, 443 (1975) (Rehnquist, J., concurring) ("To the extent, then, that the District Court retains substantial discretion as to whether or not to award backpay notwithstanding a finding of unlawful discrimination, the nature of the jurisdiction which the court exercises is equitable . . . .").

To deem that WARN comprises a legal claim in addition to the equitable claim would require the filing of both a proof of claim and an adversary proceeding. That, however, would be "unnecessarily duplicative" – the "better approach in a WARN Act case is to treat the adversary proceeding as the proof of claim." *In re Connaught Group, Ltd.*, 491 B.R. 88, 94 n.5 (Bankr. S.D.N.Y. 2013).

The only Circuit Court of Appeals that has addressed WARN class actions in the bankruptcy context is the Fifth Circuit, which agreed with the *Dewey* Court that they are appropriately brought

as adversary proceedings. *In re TWL*, 712 F.3d 886, 893 (5th Cir. 2013) ("In an adversary proceeding, Rule 23 is automatically applicable: 'there is no need to seek its application as is required in the claims allowance process.'").

Although the *TWL* Court held that "the normal bankruptcy claims procedure was adequate to handle the claims" and that "the claims process can more expeditiously move (plaintiff's) claims down a parallel track," the panel did not embrace the claims' process. *In re TWL*, 712 F.3d at 895. 899-900. The *TWL* Court instead looked to the decision of the *Dewey* Court for guidance as to whether "Teta's adversary complaint failed to state a claim for relief [because a proof of claim was not filed], or why dismissal otherwise was proper." *Id*., at 900, c*iting In re Dewey & LeBoeuf LLP,* at 174. While the *TWL* Court primarily focused on the substantive class certification allegations rather than the adversary versus proof of claim dichotomy, the *TWL* panel vacated the dismissal, and remanded the adversary proceeding. *Id*., at 900. In doing so, the *TWL* panel observed that the class adversary complaint asserted the same operative allegations as those in the *Dewey* complaint: "the Debtor terminated Plaintiff and other employees in the month before the bankruptcy filing, and it alleged that debtor failed to comply with the WARN Act's notice requirement." *Id.* Those are the same substantive allegations contained in the adversary complaint here.

### III.    Merit-Based Inquiries are Limited at This Stage

The consideration of merits plays only a limited role at the class certification stage. *See Amgen v. Connecticut Retirement Plans and Trust Funds, Amgen Inc. v. Connecticut Ret. Plans and Tr. Funds*, 568 U.S. 455, 465-66 (2013) ("[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied" and citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 n.6 (2011) for the proposition that "a district court has no 'authority to conduct a preliminary inquiry into the

merits of a suit' at class certification unless it is necessary 'to determine the propriety of certification.'")).

As this Court recognized " the merits may be considered only to the extent necessary to resolve the issue of class certification" *Hoover v. Drivetrain LLC*, AP 20-50966, 2022 WL 3581103, at *3, *5 (Bankr. D. Del. Aug. 19, 2022) (holding that the degree to which remote employees were supervised from the headquarters facility  was "ultimately a merits question, which need not (and therefore should not) be resolved at the class certification stage.")

A defendant's contention that the plaintiff and the class cannot prove a common element of her case does not mean that class certification cannot be granted.  Rather, when "'the concern about the proposed class is not that it exhibits some fatal dissimilarity but, rather, a fatal similarity— [an alleged] failure of proof as to an element of the Plaintiff's cause of action—courts should engage that question as a matter of summary judgment, not class certification.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 457 (2016) (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 107 (2009); *May*, 319 F.R.D. 233, at 238 (holding in WARN Act case that class certification does not require, under Rule 23(b)(3), that the plaintiff "must first establish that it will win the fray...." This court seeks only "to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'") (citing *In re Whirlpool*, 722 F.3d 838,  858–59 (6th Cir. 2013)).  Indeed, because a class can be certified based on similarities that may ultimately prove fatal to the claims, Defendant "should *favor* certification of a plaintiff class, as [defendants'] 'win' [on the merits] would then bind all class members, instead of only the individual Plaintiff." *Alberts v. Nash Finch Company*, 245 F.R.D. 399, 408 n.4 (D. Minn. 2007).  *See also Kleen Prod. LLC*, 831 F.3d 919, 929 (7th Cir. 2016)("If in the end the Debtors win on the merits, this entire matter will be over in 'one fell swoop.'").

A denial of class certification, on the other hand, invites a "multiplicity of activity" that "Rule

23 was designed to avoid" and jeopardizes the efficient and orderly administration of the estate by *inter alia*, opening up the possibility that a new bar date will be needed for WARN claimants. *In re MF Global Inc.*, 512 B.R. 757, 764-65 (Bankr. S.D.N.Y. 2014) ("The principal consideration must be the effect of the class certification on the administration of the estate.") (quoting *Connaught Grp. Ltd.,* 491 B.R. at 98.

As this court held in NS8 is customary in WARN cases, Defendants' actions were strictly class-wide, which readily streamlines the Rule 23 analysis in favor of certification.

## IV.    The Proposed Class Satisfies the Requirements of Rule 23

Class certification requires a two-step inquiry. First, Plaintiff must satisfy the four prerequisites of Fed. R. Civ. P. 23(a), then at least one of the subsections of Rule 23(b).  *See, e.g.*, *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 248 (3d Cir. 1975).  Here, as explained below, the class satisfies Rule 23's subsections (a) and (b)(3).

### A.    The Proposed Class Meets the Requirements of Fed. R. Civ. P. 23(a)

Fed. R. Civ. P. 23(a) provides that one or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). *In re A-P-A Transport Corp.*, 2005 WL 3077916, at *2.  Here, the putative class satisfies all the statutory requirements for certification.

### 1. Numerosity Requirement is Satisfied

Numerosity requires a finding that the putative class is "so numerous that joinder of all members is impracticable." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 182 (3d Cir. 2001). "No single magic number exists satisfying the numerosity requirement." *Behrend*

*v. Comcast Corp.*, 245 F.R.D. 195, 202 (E.D. Pa. 2007) (citing *Moskovitz v. Loop*, 128 F.R.D. 624, 628 (E.D. Pa. 1989).  However, the Third Circuit "typically has approved classes numbering 40 or more." *Gates v. Rohm & Haas Co.,* 248 F.R.D. 434, 440 (E.D. Pa. 2008) (citing *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001)("No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23 has been met.");  *In re. A-P-A Transport Corp.*, 2005 WL 3077916, at *3 (same). Here, Plaintiff estimates that approximately 900 individuals would qualify as class members under the proposed definition, with the exact number and identifies ascertainable from Defendants' books and records.

A WARN class is likely to satisfy Rule 23(a)(1), given the nature of the Act. *Cashman v. Dolce International/Hartford*, 225 F.R.D. 73, 91 (D. Conn. 2004) (citing *Finnan v. L.F. Rothschild & Co.*, 726. F. Supp. 460, 465 (S.D.N.Y. 1989) ("By its terms, WARN is applicable only in the context of employer action which affects a large number of employees.")).  *See also, e.g., In re Kaiser Group Int'l*, 278 B.R. 58, 64 (Bankr. D. Del. 2002) (discussing the law of "numerosity" and finding that a class of approximately 47 members was sufficiently numerous to justify certification).  *See Finnan v. L.F. Rothschild & Co., Inc.,* 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (citing 29 U.S.C. § 2101(a)(1) and finding numerosity met where class size of 127 employees was alleged).

Where, as here, the members of the proposed class have limited financial resources and the size of their individual claims make individual suits financially unfeasible, those factors cut in favor of a determination that the numerosity requirement has been satisfied.  *See, e.g., Feret v. Corestates Fin. Corp.*, No. CIV. A. 97-6759, 1998 WL 512933, at *5 (E.D. Pa. Aug. 18, 1998) (factors considered in numerosity include "the size of individual claims" and "the financial resources of class members"). Individually, the class members' claims are negative value claims because the cost of litigating each one separately exceeds the potential recovery.  *Grimmer v. Lord, Day & Lord*, 94

CIV. 8795 (MGC), 1996 WL 139649, at *2 (S.D.N.Y. Mar. 8, 1996)("I do not know how many $10,000 plaintiffs there are here, but for those plaintiffs to bring a lawsuit is simply too expensive. It is economically impractical, and that is the kind of practicality that the class action was aimed at."). *In re Partsearch Technologies, Inc.*, 453 B.R. 84, 97 (Bankr. S.D.N.Y. 2011) (same) (quoting *In re Taylor Bean & Whitaker Mortg. Corp.*, 2010 WL 4025873, at *6).  As the Court in *Taylor Bean & Whitaker* explained:

> The Court also believes that an adversary proceeding is necessary to protect the employees' rights, given the relatively small nature of their individual claims and the concern as expressed by the Eleventh Circuit in *In re Charter Co.,* 876 F.2d at 877, that persons holding small claims may not prosecute their claims absent class procedures..

2010 WL 4025873, at *4.

Here, Plaintiff has an estimated claim of approximately two months' salary, not including benefits (Exh. A). Because of the small size of her claim, her current financial situation, and the cost of attorneys' fees, she is unable to pursue her claim as a sole litigant.  *Id.* She also believes that the other former employees of Defendants who were terminated without cause on or about April 5, 2023, are similarly situated and unable to pursue their rights under the WARN Act except through a class action. *Id.*  Accordingly, Plaintiff satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

## 2.  Questions of Law and Fact Are Common to All Members of the Proposed Class

The commonality requirement requires the existence of at least one question of law or fact common to the Class. Federal Rule of Civ. P. 23(a)(2); *Johnston v. HBO Film Management, Inc.*, 265 F.3d 178, 184 (3d Cir. 2001).  The commonality threshold is low and does not require "an identity of claims or fact among class members." *Behrend v. Comcast Corp.*, 245 F.R.D. 195, 202 (E.D. Pa. 2007).  Further, the existence of individual facts and circumstances will not defeat commonality so long as the class members allege harm under the same legal theory.  *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) (the commonality requirement will be satisfied if the named

plaintiffs share at least one question of fact or law with the grievances of the prospective class). In such cases, "'the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)) (alteration in original).

These fundamental principles were recognized in *In re A-P-A Transp. Corp. Consol. Litig.*, No. Civ. 02-3480 WGB, 2005 WL 3077916 (D.N.J. Nov. 16, 2005), where the APA Court granted class certification finding that the class of employees allegedly laid off without the 60-day advance notice required by the WARN Act satisfied the commonality requirement of the class action rule since the named plaintiff and proposed class were united by the common legal question of whether the employer complied with the statutory notice requirements of WARN. *Id.* at *4 (citing *Gomez v. American Garment Finishers Corp.*, 200 F.R.D. 579 (W.D. Tex. 2000) ("the threshold of commonality is not high and … is met when there is 'at least one issue, the resolution of which will affect all or a significant number of the putative class members'") (citation omitted).

Here, Plaintiff claims that she and the other class members were terminated as part of a common plan stemming from Defendants' decision to terminate them and others similarly situated. Additionally, the factual and legal questions stem from a common core of facts regarding Defendants' actions and a common core of legal issues regarding every class member's rights, as follows: (a) whether Defendants employed more than 100 employees; (b) whether all the class members are protected by the WARN Act; (c) whether the class members were employees of Defendants; (d) whether Defendants discharged the class members within 90 days of April 5, 2023 in connection with mass layoffs or plant closings or as the reasonably foreseeable result thereof; (e) whether Defendants terminated the employment of the class members without cause; and (g) whether Defendants owe each class member 60 days' wages and benefits. These common questions far

exceed the requirement of a single common question of law or fact.  *See, e.g., Ramcharan*, 2014 WL 4388579, at *6; *In re Spring Ford Indus., Inc.*, 2004 WL 231010, at *7.  Thus, the proposed Class satisfies commonality.

### 3.  The Claims of the Representative are Typical of the Claims of the Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."  Typicality requires that the "'named Plaintiff's claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the Plaintiff are aligned with those of the class.'"  *Beck v. Maximus, Inc*., 457 F.3d 291, 295-296 (3d Cir. 2006) (quoting *Baby Neal*, 43 F.3d at 55); Fed. R. Civ. P. 23(a)(3).  "Typicality requires a strong similarity of legal theories to ensure that the class representative's pursuit of his own goals will work to benefit the entire class."  *Powers v. Lycoming Engines*, 245 F.R.D. 226, 236 (E.D. Pa. 2007).  "Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory."  *Beck*, at 295-296 (quoting *Baby Neal*, 43 F.3d at 55).

Typicality under Rule 23(a)(3) should be determined with reference to the company's actions and is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the Defendants' liability, not with respect to particularized defenses it might have against certain class members.  *In re A-P-A Transp. Corp. Consol. Litig.*, 2005 WL 3077916, at *4 (typicality requirement was met where representatives' claims under the WARN Act were based on the same set of operative facts as the putative class members, namely, termination without the proper 60 day written notice).  Here, the termination of Plaintiff and the putative class members resulted from the same course of events that led to the April 5, 2023 terminations.  Hence, they all suffered the same type of injury.  Plaintiff's "legal theory is the same at the named class, namely that [her] firing violates the provisions of the WARN Act."  *In*

*re Spring Ford Indus., Inc.*, 2004 WL 231010, at *7. Because Defendants' alleged failure to comply with the requirements of the WARN Act represents a single course of conduct resulting in injury to all class members, including Plaintiff, Plaintiff satisfies the typicality requirement of Rule 23(a).

### 4. Plaintiff Will Fairly and Adequately Protect the Interests of the Class

Federal Rule of Civil Procedure 23(a)(4) provides that a class action is maintainable only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Gates v. Rohm & Haas Co.*, 248 F.R.D. at 441. The adequacy inquiry "assures that the named plaintiff's claims are not antagonistic to the class and that the attorneys for the class representative are experienced and qualified to prosecute the claims on behalf of the entire class." *Beck*, 457 F.3d at 296. Thus, the court must determine "whether the representative's interests conflict with those of the class and whether the class attorney is capable of representing the class." *Johnston*, 265 F.3d at 185; *Cannon v. Cherry Hill Toyota Inc.,* 184 F.R.D. 540, 545 (D.N.J. 1999).

The first element of Rule 23(a)(4) is met in this case because, as set forth above, no divergence exists between the interests of the proposed Class Representative and the interests of the Class as a whole. As described in Plaintiff's declaration, the circumstances of her employment and termination render her interests the same as those of putative class members. (*See* Exh. A). All must prove that they were entitled to, and not given adequate WARN notice. All must show that Defendants are subject to the WARN Act' notice requirements and are not protected by the Act' statutory exceptions.

The second element of Rule 23(a)(4) is met because Plaintiff's counsel is "qualified, experienced and generally able to conduct the proposed litigation." *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), *cert. denied*, 417 U.S. 156 (1974). *See also, Varacallo v. Massachusetts Mut. Life Ins. Co.*, 226 F.R.D. 207, 233 (D.N.J. 2005) ("A party challenging the Class' representation has the burden to prove that the representation is not adequate."). As set forth in the Roupinian Declaration, proposed class counsel is particularly qualified to represent the putative class

15

in this WARN action and has diligently prosecuted Plaintiff's claims. (See Exh. B). Prior to

commencing this action, Raisner Roupinian LLP spent time investigating the facts which gave rise

to the WARN claim and continues to do so. Of the dozens of employees who have provided

information, over 40 have retained the firm to follow and lend support to this class action. After

filing suit in District Court, the firm continued to litigate the case in bankruptcy proceedings and has

monitored the proceedings. Accordingly, proposed class counsel is well versed in the relevant facts

and has ample experience with the applicable law and are well positioned to conduct the proposed

litigation. For all the foregoing reasons, all four prerequisites of Rule 23(a) for class certification are

met by the proposed class.

### B.        The Proposed Class Meets the Requirements of Rule 23(b)(3)

Here, the class meets the two requirements of Rule 23(b)(3) – predominance and superiority.

*See Goldman v. Radioshack Corp.,* Civ.A. 03-0032, 2005 WL 1124172 (E.D. Pa. May 9, 2005); *In*

*re First Interregional Equity Corp.*, 227 B.R. 358 (Bankr. D.N.J. 1998). Predominance, under Rule

23(b)(3), requires that "the questions of law or fact common to the members of the class predominate

over any questions affecting only individual members."

Predominance is satisfied '[i]f the liability issue is common to the class, common questions

are held to predominate over individual ones." *Nolan v. Reliant Equity Investors, LLC*, 3:08–CV–62,

2009 WL 2461008, at *5 (N.D. W.Va. Aug. 10, 2009) (in WARN cases, common issues predominate

because of three questions: "First, whether AB & C Group was subject to the requirements of the

WARN Act. Second, whether the appropriate WARN notice was given. Third, whether the

Defendants are legally liable for the alleged violation."). Predominance tests whether the proposed

class is sufficiently cohesive to warrant adjudication by representation. *Amchem*, 521 U.S. at 623-

24; *Nolan*, 2009 WL 2461008, at *5. Moreover, "[i]n the context of alleged WARN Act violations,

common issues will almost always predominate. After all, liability depends upon a single employer

16

terminating large groups of employees." *In re Spring Ford Indus., Inc.*, 2004 WL 231010, at *9. Here, the essence of the case is the Plaintiff's and class members' common claim that they were terminated by Defendants without cause and without advance written notice in violation of the WARN Act.  Predominance is therefore satisfied.

While there will be a need to calculate individualized damages, that does not defeat predominance.  The calculations can be done from the books and records of Defendants, are straightforward, and rest on a finding of liability which can be made commonly.  *See In re Spring Ford Indus., Inc.*, 2004 WL 231010, at *9 ("the information necessary to" liquidate the claim "is clearly in the Debtor's records. . . . it will be a simple matter of identifying the terminated employees and making a straightforward calculation") (citation omitted); *Nolan*, 2009 WL 2461008, at *4 (predominance satisfied because "the computation of damages following a ruling in favor of the class is largely a mechanical task") (citation omitted).

Superiority under 23(b)(3) requires that a class action be "superior to other available methods for the fair and efficient adjudication of the controversy." *Ramcharan v. A.F.L. Quality, Inc.*, 1:12-CV-07551, 2014 WL 4388579, at *8 (D.N.J. Sept. 5, 2014), *on reconsideration in part,* CIV. 12-7551 RMB/AMD, 2015 WL 4275534 (D.N.J. Apr. 14, 2015), ("the interests of the class members are best served through a [WARN]class action lawsuit because many of the claims are small, making individual lawsuits impracticable"); *Georigi v. Recon Automotive Remanufacturers*, CIV.A. 07-5509, 2009 WL 1312607, at *5 (E.D. Pa. May 7, 2009) (superiority satisfied where expense and burden of individual litigation in WARN Act with 150 potential class member would impose unnecessary burdens on the courts making a class action certification in the interest of judicial efficiency).

Fed. R. Civ. P. 23(b)(3) sets forth four factors to guide the court's determination as to whether a class action is superior and whether issues of fact and law common to class members predominate

over individual matters.  They are:

> (A) the interest of members of the class in individually controlling the prosecution
> or defense of separate actions; (B) the extent and nature of any litigation concerning
> the controversy already commenced by or against members of the class; (C) the
> desirability or undesirability of concentrating the litigation of the claims in the
> particular forum; (D) the difficulties likely to be encountered in the management of
> a class action.

*Id*.

Here predominance is met.  "In the context of alleged WARN Act violations, common issues
will almost always predominate. After all, liability depends upon a single employer terminating large
groups of employees." *Ramcharan,* 2014 WL 4388579, at *8, citing *In re Spring Ford Indus., Inc.,*
2004 WL 231010, at *8.   Here, as in *Ramcharan*, the class members' claims are "based on the same
set of fAct and proceed on a single theory of liability. Thus, no individual plaintiff has an interest in
controlling the prosecution of the claims. As to the second factor, this Court has not been made aware
of any other lawsuits initiated by any class members involving the present matter." *Id*.

As Plaintiff's declaration states, there are no individual issues likely to arise that reduce the
predominance of the common issues.  Exhibit A.  Control over the work was centralized under PGX's
C-officers' command.  *Id*. ¶¶ 10-12.   The physical locations all were covered by the WARN Act, as
PGX admitted they employed more than 50 full-time employees. (Adv. D.I. 4, ¶26).  And, according
to Plaintiff, more than 50 were laid off from each facility.  *Id*. ¶16.  There were no separate pockets
of business within the PGX enterprise *Id*. ¶13.  Despite differences on paper between the entities and
departments, they functioned as a single operation with a similar reporting structure leading to the
top of the pyramid. *Id*. ¶¶ 9-12.

Also, superiority is met.  Here "concentrating the WARN Act claims of the putative class
members in a single class action will avoid the wasteful duplication that would result from multiple
suits."  *Id*. In WARN claims, especially in bankruptcy, the "interests of the class members are best

served through a class action lawsuit because many of the claims are small, making individual lawsuits impracticable." *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985). There is no identifiable difficulty in litigating this matter as a class action.

As the District Court of Middle District of Pennsylvania reasoned when finding a WARN class action the superior method of adjudication:

> [d]eclining to certify the class may result in a flood of litigation or, perhaps more likely, many of the claims not being brought. It would also create a risk of inconsistent judgments. On the other side, the size and clear definition of this class suggests that this should not be an unusually difficult class to manage. I find that adjudicating this matter as a class action is in the interest of judicial efficiency.

*Swede v. Wood-Mode, Inc.*, 4:19-CV-00845, 2019 WL 6771742, at *3 (M.D. Pa. De. 12, 2019), citing *Georigi,* 2009 WL 1312607, at *4; *In re A-P-A Transport Corp. Consol. Litig.*, CIV. 02-3480 WGB, 2005 WL 3077916, at *6 (D.N.J. Nov. 16, 2005).

The Delaware Bankruptcy Court, in *In re Cain v. Inacom Corp*., Adv. No. 00-1724-PJW, 2001 WL 1819997 (Bankr. D. Del. Sept. 26, 2001) held that there are "procedural problems associated with a class proof of claim" and that "resolving the WARN Act claims in the adversary proceeding framework is appropriate in this bankruptcy case."  A denial of class certification, on the other hand, invites a "multiplicity of activity" that "Rule 23 was designed to avoid" and jeopardizes the efficient and orderly administration of the estate by *inter alia*, opening up the possibility that a new bar date will be needed for WARN claimants. *In re MF Global Inc.*, 512 B.R. 757, 764-65 (Bankr. S.D.N.Y. 2014) ("The principal consideration must be the effect of the class certification on the administration of the estate.") (quoting *The Connaught Grp., Ltd.,* 491 B.R. 88, 98 (Bankr. S.D.N.Y. 2013)).

In *In re Chaparral Energy, Inc.*, the Court relied in part on this WARN jurisprudence in applying the statute of limitations available in class actions to the claims process.  571 B.R. 642, 648 n.20 (Bankr. D. Del. 2017), *aff'd,* BR 16-11144 (LSS), 2019 WL 4643849 (D. Del. Sept. 24, 2019); citing *In re TWL Corp.*, 712 F.3d 886, 889 (5th Cir. 2013); *Gentry v. Siegel*, 668 F.3d 83, 91 (4th

Cir. 2012)*; In re Connaught Grp., Ltd.*, 491 B.R. at 97; *In re Kaiser Group Intern., Inc.*, 278 B.R. 58, 64 (Bankr. D. Del. 2002).  Class treatment of claims is a more suitable alternative to individual proofs of claim.

Accordingly, both prongs of Rule 23(b)(3) – predominance and superiority – are satisfied here, and the class should be certified.

**V.     The Court Should Appoint the Undersigned Class Counsel**

As shown in the Roupinian Declaration and described above, Plaintiff's counsel has been actively and diligently prosecuting this action, expending attorney and paralegal time in furtherance of the litigation.  Moreover, Plaintiff is being represented by attorneys who are highly experienced in class action litigation and experienced in prosecuting WARN Act claims, having been appointed Class Counsel in well over 100 WARN actions. This weighs in favor of appointing the undersigned Class Counsel.  (*See* Exh. B).

**VI.    The Court Should Appoint Plaintiff the Class Representative**

Plaintiff has been diligent in pursuing the class claim and has worked with counsel in initiating and prosecuting the action; she has no conflict of interest with other Class Members and has and will fairly and adequately represent the interests of the Class. The proposed Class Representative has spent time speaking with Class Counsel in preparation for the filing of the Complaint, completed the U.S. Trustee's questionnaire and interview process for membership on the unsecured creditors' committee and staying informed as to the status of the litigation and also the main case docket filings regarding Debtors' financial affairs, schedules and other pertinent matters. Plaintiff has maintained contact with class counsel since the inception of this case and will continue to do so.  (*See* Exh. A) For these reasons, Plaintiff's counsel ask that she be appointed the Class Representative.

## VII.    The Form and Manner of Service of Notice are Proper

Plaintiff further submits that service of the proposed Notice of Class Action by First Class Mail, postage prepaid, to each member of the Class at the member's last known address as shown in the Defendants' records is the best notice practicable under all the circumstances.  (*See* Exh. C)

Fed. R. Civ. P. 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances, including individual notice to potential class members, and that the notice must concisely and clearly state in plain, easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues or defenses,
- that a class member may enter an appearance through counsel if the member so desired,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Rule 23(c)(2)(B).  *In re Brokerage Antitrust Litigation*, 282 F.R.D. 92, 110 (D.N.J. 2012).

Although no rigid standards govern the contents of notice to class members, "notice by mail is sufficient if it is reasonably calculated to apprise the interested parties of the pendency of the action and affords them an opportunity to object.  *Id.*  Individual mailings to each class member's last known address are appropriate.  *Varacallo*, 226 F.R.D. at 225; *Rosenau v. Unifund Corp.*, 646 F. Supp.2d 743, 754-755 (E.D. Pa. 2009); *In re Brokerage Antitrust Litig.,* 282 at 110.

Here, the contents of the proposed Notice are sufficient.  The Notice summarizes in plain language the nature of the pending litigation and apprises the proposed Class, among other things, of the Class definition, of the claims, issues and defenses, that complete information regarding the action is available upon request from Class Counsel, that any class member may opt-out of the Class, that if they do not opt-out, they will be bound by any judgment or settlement in the litigation, and

that if they do not opt-out, they may appear by his or her own counsel.  In short, the proposed Notice satisfies all the requirements of Rule 23(c)(2)(B).

The names and addresses of all the putative class members are contained in Defendants' business records.  Once Plaintiff has been provided with a class list and the addresses of the class members, Plaintiff's counsel will mail the Notice of Class Action by First Class Mail, postage prepaid, to the last known address of each of the class members so that they will have at least 30 days from the date of the mailing to object to Class certification and to opt-out of the Class.  Plainly, this is the best practicable notice under the circumstances.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court enter the Proposed Order (Exh. D) granting her Motion for Class Certification and Related Relief.

Dated: August 4, 2023

Respectfully submitted,

By:   /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

OF COUNSEL:

**RAISNER ROUPINIAN LLP**
Jack A. Raisner
René S. Roupinian
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian

*Attorneys for Plaintiff and the putative class*