# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PGX HOLDINGS, INC., *et al.*[1] , <br><br>　　　　　　　　　Debtors. | Chapter 11 <br><br> Case No. 23-10718 (CTG) <br><br> (Joint Administration Pending) |
| KIRSTEN HANSEN on behalf of herself and all others similarly situated, <br><br>　　　　　　　　　Plaintiff, <br><br>　　　v. <br><br> PGX HOLDINGS, INC.; PROGREXION HOLDINGS, INC.; PROGREXION TELESERVICES, INC.; PROGREXION MARKETING, INC.; PROGREXION ASG, INC.; PROGREXION IP, INC,; EFOLKS, LLC; CREDITREPAIR.COM, INC.; CREDIT.COM, INC.; and JOHN C. HEATH, ATTORNEY AT LAW, PLLC, <br><br>　　　　　　　　　Defendants. | Adv. Proc. No. 23-50396(CTG) |

### DECLARATION OF KIRSTEN HANSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

I, Kirsten Hansen, hereby declare the following under penalty of perjury:

1.　　I am a former employee of Defendants and the named Plaintiff in the above-captioned class action suit for damages against Defendants to recover pay and benefits under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Heath, Attorney at Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the Debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

1

Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

2. I make this declaration based upon my personal knowledge in support of Plaintiff's Motion for Class Certification and Related Relief.

3. I reside in the state of Utah.

4. I was employed by Defendants from February 2013 until April 5, 2023 when I was terminated along with approximately 900 co-workers.

5. At the time of my termination, I was Senior Director Operational Support - Teleservices. I reported to Defendant's Chief Operating Officer and worked closely with each of PGX's "C-suite" officers on a regular basis in carrying out my responsibilities.

6. In the evening of April 5, 2023, I and other employees received an email signed by then CEO Mike DeVico with the subject matter "Company Closure/Layoffs". It informed us that we were not longer employed.

7. I worked out of the Company's two central operational sites – its headquarters at 257 East 200 South, Salt Lake City, UT 84111, and 2855 Decker Lake Drive, West Valley City, UT.

8. As the Senior Director of Operation Support, I oversaw operations at those locations, and its facilities at Provo, UT. Idaho Falls, ID, Rexburg, ID. Oklahoma City and Phoenix, AZ.

9. From my weekly meetings with Finance, I understood that PGX was divided for accounting and legal purposes into subsidiary units in order to track performance and operating costs, for registrations, and the like. I also was aware that for branding purposes, PGX used different subsidiary names, such Credit Repair.com and Credit.com.

10. Operationally, however, all the entities functioned together as one organization,

under one set of chief officers and one board of directors.

11. While I received by compensation from Progrexion Teleservices I received my expense reimbursements through Progrexion ASG, the legal unit in which the Corporate department sat.

12. From an operational perspective, there was no difference between Progrexion Teleservices, and the other departments. divisions or companies. They all reported up to the same Chief officer group, which made the all significant decisions for PGX and its units. I was familiar with various levels or authority within the hierarchy, and it was uniform regardless of the location.

13. In PGX there were no separate "businesses" with autonomous governance and policies. Employees worked in various lines to support the different facets of PGX's business but many, particularly sales agents were interchangeable so that they shifted seamlessly between the units when demand called for it. Sometimes functions passed back and forth between the units.

14. Most of the sales force was pegged to Progrexion Teleservices, and that was the largest group within PGX. According to my best estimate, sales agents constituted most of the headcount at the facilities except for Salt Lake City headquarters. The number of sales agents combined at those facilities was close to 900, broken down approximately as follows: Provo, UT (200). Idaho Falls, ID (150-200), Rexburg, ID (150). Oklahoma City, OK (200) and Phoenix, AZ (100). These estimates include remotes sales agents who reported to and received assignments from these locations.

15. Remote employees, including sales agents, received their supervision and instructions directly from management physically located at facilities in the normal course. There was no a tier of remote supervisors.

3

16. All of these facilities had employed well over 50 full time employees on and before April 5, 2023, and, I believe more than 50 such employees were terminated from each at starting then.

17. Of course, the exact headcounts should be readily ascertainable from the Defendants' books and records.

18. These sales agents generally performed the same duties and were aligned with each other in the reporting chain. There were no significant differences in their terms and conditions of employment. Except for those who were retained by the Defendants, they were terminated in the layoff in the same manner as I was, to the best of my knowledge.

19. I was terminated without cause.

20. I did not receive at least 60 days' written notice pursuant to the WARN Act, nor, to the best of my knowledge, did any of the other similarly situated former employees. I believe my WARN rights, as well as the WARN rights of the other terminated employees were violated.

21. I have not received nor, to the best of my knowledge, have any of the other former employees of Defendants received 60 days' pay under the WARN Acts.

22. I believe Defendants are legally responsible for my termination and the termination of the similarly situated former employees.

23. Following my termination, I retained the legal services of Raisner Roupinian LLP as my counsel, primarily to assert WARN claims on behalf of all the terminated employees, as well as myself. My job was to provide support for those employees from PGX's highest executive level. It was a responsibility I took seriously, and to some extent still do.

24. Because the circumstances of my termination are the same as those of the other terminated employees, the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same.

25. I am eager to continue to prosecute this action on behalf of the other terminated employees. I actively assisted in the preparing of my Complaint, filed first in the United States District Court for the District of Utah, and as an Adversary Proceeding with this Court. I will continue to actively assist my counsel in the prosecution of this action. I have maintained regular contact with my counsel regarding the status of the class action and the underlying bankruptcy proceedings.

26. I have no conflict of interest with other class members.

27. My claim against Defendants under the WARN Act is for approximately two months' salary and benefits. The size of my claim, capped as it is by the priority amount of $15,150. my financial situation, and the cost of attorneys' fees left me unable to pursue this claim as a sole litigant. I believe the other terminated employees are similarly situated and unable to pursue their rights individually under the WARN Act.

28. My attorneys have been vigorously prosecuting this action. I believe the Raisner Roupinian LLP firm is well-qualified to serve as class counsel.

29. In view of the foregoing, I request that Plaintiff's Motion for Class Certification and Related Relief be granted.

30. I declare the foregoing is true and correct to the best of my knowledge and belief.

Executed on    8/2/2023
_____

_____
KIRSTEN HANSEN

5