# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PGX HOLDINGS, INC., *et al.*[1] , <br><br>                              Debtors. | Chapter 11 <br><br> Case No. 23-10718 (CTG) <br><br> (Joint Administration Pending) |
| KIRSTEN HANSEN on behalf of herself and all others similarly situated, <br><br>                              Plaintiff, <br><br> v. <br><br> PGX HOLDINGS, INC.; PROGREXION HOLDINGS, INC.; PROGREXION TELESERVICES, INC.; PROGREXION MARKETING, INC.; PROGREXION ASG, INC.; PROGREXION IP, INC,; EFOLKS, LLC; CREDITREPAIR.COM, INC.; CREDIT.COM, INC.; and JOHN C. HEATH, ATTORNEY AT LAW, PLLC, <br><br>                              Defendants. | Adv. Proc. No. 23-50396(CTG) |

## DECLARATION OF RENÉ S. ROUPINIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

René S. Roupinian hereby declares the following under penalty of perjury:

1. I am a partner of Raisner Roupinian LLP, the law firm that represents Kirsten Hansen ("Plaintiff") in the above-captioned action.

2. This declaration is submitted in support of Plaintiff's Motion for Class Certification and Related Relief in furtherance of her claims under the Worker Adjustment Retraining and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Heath, Attorney at Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the Debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

Notification ("WARN") Act, 29 U.S.C. § 2101 *et seq.*, (the "WARN Act") for an Order: (a) certifying a class, defined as: Plaintiff and other similarly situated employees of Defendant: (i) who worked at, received assignments from, or reported to the Facilities, (ii) who were terminated without cause during the 30-day period beginning on April 5, 2023 or in reasonable anticipation of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant on or about April 5, 2023, (iii) who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) Defendant operated a credit repair service, the largest in the nation. Late in the afternoon on Wednesday April 5, 2023, Plaintiff and other similarly situated employees received an email signed by the then-CEO Mike DeVico with the subject matter "Company Closure/Layoffs". It informed them that they were no longer employed. There was no advanced warning. Defendant shut down that day, terminating approximately 80% of its employees, and paid them no severance. It told them their health insurance would stop at the end of the month.

3. On May 24, 2023, Plaintiff filed a Class Action Complaint against Defendant in the U.S. District Court for the District of Utah.

4. On June 4, 2023, Defendant filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The cases are being jointly administered under Case No. 23-10718 (CTG).

5. On June 5, 2023, Plaintiff filed a Class Action Adversary Proceeding Complaint against Defendant in this Court for violation of the WARN Act (the "Complaint") (Adv. D.I. 1). The Complaint asserts that Defendant is liable to Plaintiff and the putative class for damages in the amount of 60 days' pay and ERISA benefits because of Defendant's violation of the WARN Act. (Adv. D.I. 1, ¶ 1). The Complaint asserts that the damages are entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(4) or (5), and the remainder as a general unsecured claim. (Adv.

D.I. 1, ¶ 4 and Prayer for Relief).

6. The Complaint alleges a Rule 23(b)(3) class claim arising from Defendant's violation of the WARN Act. (Adv. D.I. 1, ¶¶ 3, 55). The Complaint alleges that along with Plaintiff, other similarly situated employees of Defendant who worked at, reported to, or received assignments from the Defendant's facilities were terminated during the 90-day period beginning April 5, 2023 . (Adv. D.I. 1, ¶ 55). The Complaint alleges that Defendant was an employer of the putative class as that term is defined by the WARN Act. (Adv. D.I. 1, ¶¶ 62, 69). The Complaint further alleges that Plaintiff and the putative class were not provided 60 days advance written notice of their terminations, as required by WARN. (Adv. D.I. 1, ¶ 75).

7. The Complaint further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23(a) because there are common questions of law and fact that are applicable to all members of the Class; that the Class is so numerous as to render joinder of all members impracticable; that Plaintiff's claims are typical of the claims of the other Class Members; that Plaintiff will fairly and adequately protect and represent the interests of the Class; that Plaintiff has the time and the resources to prosecute this action; and that he has retained counsel who have extensive experience in matters involving employment class actions and the WARN Act. (Adv. D.I. 1, ¶¶ 55-65).

8. The Complaint further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23(b)(3) because there are questions of law and fact common to the class members that predominate over any questions affecting only individual members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; particularly in the context of WARN Act litigation, where an individual plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against

a corporate Defendant. (Adv, D.I. 1, ¶¶ 56-64).

9. On July 7, 2023, Defendant answered Plaintiff's Complaint, admitting among other allegations that each of the facilities had employed 50 or more full-time employees (Adv. D.I. 4, ¶26).

## THE PROPOSED CLASS

10. The proposed class consists of Plaintiff and other similarly situated employees of Defendants: (i) who worked at, received assignments from, or reported to the Facilities, (ii) who were terminated without cause within 90 days of April 5, 2023, or in reasonable anticipation of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant on or about April 5, 2023, (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5), and (iv) who have not filed a timely request to opt-out of the class

11. As is more fully discussed in the accompanying brief, the proposed Class satisfies all the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) for class certification: the proposed Class is numerous comprising approximately 160 members; questions of law and fact are common to all members of the class; the Plaintiff's claims are typical of the claims of the Class; the Plaintiff and proposed class counsel will fairly and adequately protect the interests of the Class; the questions of law and fact common to the class members predominate over any questions affecting individual members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. As shown by the accompanying Declaration of Evan Grandfield (attached as Exhibit A to brief), the Plaintiff was employed by Defendant and was terminated without cause beginning on April 5, 2023, as part of the mass layoffs or plant closings at the Facilities. Plaintiff has no conflict of interest with other class members and has and will continue to diligently prosecute this action and represent the interests of the Class.

**THE DILIGENT PROSECUTION OF THE ACTION**

12. Plaintiff, both through her counsel and otherwise, has diligently prosecuted this action. She has spent considerable time speaking with Class Counsel in preparation for the filing of the Complaint, completed the U.S. Trustee's questionnaire and interview process for membership on the unsecured creditors' committee and has stayed informed as to developments in the WARN litigation and bankruptcy, including reviewing Debtors' financial affairs, schedules, and other pertinent filings in the main case docket. Plaintiff has maintained contact with class counsel since the inception of this case and will continue to do so.

13. Prior to commencing this action, Raisner Roupinian LLP spent time investigating the facts which gave rise to the WARN lawsuit filed in the District Court. Of the dozens of employees who have provided information, over 40 have retained the firm. After refiling suit in the bankruptcy court, the firm has monitored the proceedings and filings. Accordingly, proposed class counsel is well versed in the relevant facts in this case, and has ample experience with the applicable law and are well positioned to conduct the proposed litigation.. Plaintiff's counsel has actively litigated this case and will continue to do so.

**THE SUITABILITY OF PLAINTIFF'S COUNSEL TO ACT AS CLASS COUNSEL**

**Raisner Roupinian LLP**

14. Jack A. Raisner and I are founders of Raisner Roupinian LLP, a law firm solely dedicated to representing employees affected by mass layoffs and shutdowns. Prior to forming Raisner Roupinian LLP, Mr. Raisner and I were co-chairs of the WARN Act Practice Group at a prominent employee rights law firm in New York City, where we spent over a decade litigating WARN Act cases throughout the country. We are joined by the firm's of counsel, Gail C. Lin, a WARN Act attorney with more than 15 years' experience in state, district, and bankruptcy courts

throughout the country, and associate Isaac Raisner, who, prior to joining the firm, advocated for employee rights on behalf of migrant and domestic farmworkers at Georgia Legal Services and, more recently, worked in private practice at a prominent firm in Georgia that represents employees.

15.     In 2017, Jack Raisner and I, along with our WARN team, and co-counsel at Wilmer Hale, won a notable victory in the United States Supreme Court in a decision that restored high priority under the Bankruptcy Code for employee wages. *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 197 L.Ed.2d 398 (2017). Further protecting the priority rule, after a two-day trial, we won priority treatment for WARN claims that accrued more than 180 days prior to the petition filing – under the rarely-litigated "cessation of business" provision of the Bankruptcy Code. *In re FAH Liquidating Corp.*, 13-13087-KG, 2019 WL 8269114 (Bankr. D. Del. Dec. 27, 2019).

16.     We have testified at the request of lawmakers on Capitol Hill and in state legislatures to strengthen the notice law for employees facing mass layoffs and shutdowns. In fact, our attorneys helped establish the first state law providing notice and mandatory severance for workers facing mass firings and layoffs in New Jersey.

17.     In 2019, Mr. Raisner and I attended hearings before New Jersey state legislative committees on the proposed Senate Bill 3170, which arose out of the 2018 collapse of Toys 'R Us. In that bankruptcy, we represented, and settled, the severance claims of the 33,000 terminated employees. The New Jersey "Toys R' Us" law expands the protections of the New Jersey WARN Act workers, by increasing the notice period from 60 to 90 days, increasing the covered sites, and requiring an extra amount of severance-type pay for lack of notice. Jack Raisner helped draft the statute and testified twice before the Legislature in favor of the measure, which has received national attention.

18.     Our WARN practice has helped give WARN Act claims its foothold in the

bankruptcy process. We have obtained decisions approving the use of adversary proceedings in many jurisdictions, including Delaware and New York bankruptcy courts. *See In re Dewey & LeBoeuf LLP*, 487 B.R. 169 (Bankr. S.D. NY 2013); *In re TSC Glob., LLC,* No. 12-10505-KG, 2013 WL 6502168 (Bankr. D. Del. June 26, 2013) (Chapter 7). On the appellate level, in *In re TWL Corp.*, 712 F.3d 886 (5th Cir. 2013), we represented a WARN class in a Chapter 7 bankruptcy that was certified only after winning a reversal from the U.S. Court of Appeals for the Fifth Circuit. The *TWL* case recognizes the availability of WARN Act adversary proceedings and class actions.

19.     In addition, Mr. Raisner and I obtained a reversal from the U.S. Court of Appeals for the Second Circuit in a Chapter 7 WARN Act case. *See, Guippone v. BH S & B Holdings LLC*, 737 F.3d 221 (2d Cir. 2013) (vacating summary judgment awarded to single employer parent).

20.     Our clients have been appointed to the unsecured creditors' committees in 22 bankruptcy cases. They are:

- *Pear Therapeutics, Inc.* Case No. 23-10429 (Bankr. D. Del.)(TMH);
- *Reverse Mortgage Investment Trust, Inc., et al*., Case No. 22-11225 (Bankr. D. Del.) (MFW);
- *First Guaranty Mortgage Corporation*, Case No. 22-10584 (Bankr. D. Del.)(CTG);
- *GDC Technics, LLC*, Case No. 21-50484 (Bankr. W.D. Tex.)(CAG);
- *Klausner Lumber One LLC*, Case No. 20-11033 (Bankr. D. Del.)(KBO);
- *Munchery, Inc.*, Case No. 19-30232 (Bankr. N.D. Cal.)(HLB) ;
- *Zacky & Sons Poultry, LLC*, Case No. 18-23316 (Bankr. C.D. Cal.)(RNK);
- *Puglia Engineering Inc.*, Case No. 18-41324 (Bankr. W.D. Wa.)(BDL);
- *Sunco Liquidation Inc.*, Case No. 17-10561 (Bankr. D. Del.)(LSS);
- *Louisiana Medical Center and Heart Hospital, LLC, et al.,* Case No. 17-10353 (Bankr. E.D. La.) (JAB);
- *Roadhouse Holdings, Inc*., Case No.16-11819 (Bankr. D. Del.)(BLS);
- *Altegrity, Inc*., et al., Case No. 15-10226 (Bankr. D. Del.)(LSS);
- *Corinthian Colleges, Inc*., Adv. Pro. No. 15-10952 (Bankr. D. Del.)(KJC);
- *Simplexity LLC, et al*., Case No. 14-10569 (Bankr. D. Del.)(KG);
- *Fisker Automotive Holdings, Inc*., Case No. 13-13087 (Bankr. D. Del.)(KG);
- *Coda Holdings, Inc*., Case No. 13-11156 (Bankr. D. Del.)(CSS);
- *Rhythm and Hues, Inc*., Case No. 13-13775 (Bankr. C.D. Cal.)(NB);
- *Digital Domain Media Group Inc. et al.,* Case No. 12-12568 (Bankr. D. Del.)(BLS);
- *Howrey LLP*, Case No. 11-31376 (Bankr. N.D. Cal.)(DM);

- *Solyndra, LLC et al.*, Case No. 11-12799 (Bankr. D. Del.)(MFW);
- *Qimonda North America*, Case No. 09-10589 (Bankr. D. Del.)(MFW); and
- *EOS Airlines, Inc.*, Case No. 08-22581 (Bankr. S.D.N.Y.)(ASH).

21. We have been Plaintiff's counsel in over 150 active or settled, certified or putative WARN class actions, including the following in Bankruptcy Court for the District of Delaware: *Adler-Swanberg v. MediaMath Holdings, Inc., et al.*, Adv. Proc. No. 23-50427-LSS; *Nunn et al. v. Bitwise Industries Inc., et al.,* Adv. Proc. No. 23-50425-TMH; *Gass v. Boxed, LLC,* Adv. Proc. No. 23-10397-BLS; *Hansen v. PGX Holdings, Inc., et al.*, Adv. Proc. No. 23-50396-CTG; *Boyko v. Virgin Orbit, LLC*, Adv. Proc. No. 23-50324-KBO; *Hoover v. Drivetrain LLC,* Adv. Proc. No. 20-50966-CTG; *Johnson, et al. v. RAC Investment; Holdings, LLC, et al.,* Adv. Proc. No. 23-10316-BLS; *Buckley, et al. v. First Guaranty Mortgage Corp.*, Adv. Proc. No. 22-50387-CTG; *Thomay v. Klausner Lumber One, LLC*, Adv. Proc. No. 20-50602-KBO (settled); *In re Klausner Lumber Two LLC*, Case No. 20-11518-KBO ECF No. 944)(same); *Karaniewsky et al v. US Investigations Services, LLC*, Adv. Proc. No. 15-50204-KBO (settled); *Etzelsberger, et al. v. Fisker Automotive Holdings, Inc.*, Case No. 13-13087- KG (settled); *Wilrich v. Charming Charlie Holdings, Inc., at al.*, 19-50276-CSS (settled); *Miller v. Columbus Steel Castings Company, et al.*, Adv. Proc. No. 16-50997-CSS (settled); *Rasheed v. American Home Mortgage Corp.*, Case No. 07-51688 (settled); *Mekonnen, et al. v. HomeBanc Mortgage Corporation*, Case No. 07-51695 (settled); *Aguiar v. Quaker Fabric Corporation*, Case No. 07-51716 (settled); *Jones v. Alliance Bancorp,* Case No. 07-51799 (settled); *Bressmer v. Delta Financial Corporation,* Case No. 07-51808 (settled); *Czyzewski, et al. v. Jevic Transportation, Inc.,* Case No. 08-50662; *Austen. v. Archway Cookies,* Case No. 08-12323 (settled); *Jackson v. Qimonda* NA, Case No. 09-50192 (settled); *Willock v. Pemco World Air Services, Inc*., Case No. 12-50799 (settled); *Folk, et al. v. Monaco Coach Corporation,* Case No. 09-50402 (settled); *Decuir v. WL Homes LLC*, Case No.

09-52270 (settled); *Hampton v. Navigation Capital Partners, Inc.*, Adv. Proc. No. 1:13-747 (settled); and *Kohlstadt v. Solyndra LLC,* Case No. 11-53155 (settled).

22. Additionally, we also represent plaintiffs in the following WARN class actions in other Courts: *Nunn v. Bitwise Industries, Inc.*, Case No. 1:23-cv-00867-ADA-SAB (E.D. CA); *Sanford v. Hey Favor, Inc., et al.* Case No. 23-4038-elm (Bank. N.D. TX); *Portuhondo v. Ordermark, Inc. et al.,* Case No. 99-00099- mc (D. DE); *Fetto v. Tuesday Morning Corporation*, Case No. 23-09005-elm (Bankr. S.D. TX); *Alcantara v. UFI, et al.*, Case No. 22-2110-MCS (C.D. CA); *Alcantara, et al. v. United Furniture Industries*, Case No. 23-01001-SDM (Bankr. N.D. MS); *Garrett v. Santa Cruz Valley Regional Hospital*, Case No. 22-99908 (D. AZ); *Walker v. Product Quest Manufacturing, LLC*, Adv. Proc. No. 18-06028-LMJ (Bankr. M.D. NC) (final approval of settlement granted on June 2, 2023); *Kinney v. Public Consulting Group, et al.*, Case No. 22-02458-ER (S.D. NY), *Coleman, et al. v. Optum Inc., et al.*, Case No. 22-05664 (S.D. NY); *Castillero, et al. v. Xtend Healthcare, LLC*, Case No. NO. 3:22-cv-02099-GC-DEA (D. NJ); *Federman, et al. v. ITT Educational Services, Inc.*, Adv. Proc. No. 16-50296 (Bankr. S.D. IN)(settled); *Bergeron v. DGI Services, LLC*, 11-2712 (Bank. D. NJ) (settled); *Piron, et al v. General Dynamics Information Technology, Inc.*, Case No. 19-709-REP (E.D. VA) (settled); *Ien v. Transcare Corporation, et al.*, Case No. 16-1033 (Bankr. S.D. NY); *Martz-Gomez v. Anna's Linen's, Inc.*, Adv. Proc. No. 8:15-bk-13008-TA (Bankr. C.D. CA) (settled); *Philips v. Munchery, Inc.*, 19-0469-JSC (N.D. CA) (settled); *Vance v. Zacky & Sons Poultry, LLC*, 18-01375-RK (Bankr. E.D. CA)(settled); *Kennedy v. Colortree Group, Inc.*, 3:19-cv-00424 (E.D. VA) (settled); *Williams v. Live Well Financial, Inc.*, 19-00868-CFC (D. DE); *Primavera v. Crowne Architectural Systems, Inc.*, Case No. 17-01272-SLM (Bankr. D. NJ) (settled); *Chism v. Lamar Construction Company*, Case No. 14-80170-jwb (W.D. MI) (settled); *Pocrass v. Gymboree Group, Inc., et al.*,

19-03010-KLP (Bankr. E.D. VA) (settled); *Miranda v. DC Solar Solutions, Inc.* 19-5002-btb (Bankr. NV); *Grimes v. Evergreen Recreational Vehicles, LLC*, 16-00472-MGG (N.D. IN) (settled); *Singleton v. Alevo Manufacturing, Inc.,* Case No. 17-06024-CLA (Bankr. M.D. NC)(settled); *Chenault v. CS Mining, LLC*, Case No. 16-02095-WTT (Bankr. D. UT) (settled); *May v. Blackhawk Mining, LLC*, 319 F.R.D. 233, 236 (E.D. KY) (settled); *Bent v. ABMD, Limited,* 439 B.R. 475 (Bankr. S.D. OH) (settled)*; Murphy v. LenderLive Network, Inc.*, Case No. 12-07551 (D. CO) (settled); *Mofield v. FNX Mining Company USA Inc*., Case No. 08-00105 (M.D. Tenn.) (settled); *Wojciechowski v. ClearEdge Power, Inc.*, Case No. 14-4152-CN (Bankr. N.D. CA) (settled); *Schuman v. The Connaught Group. Ltd.,* Case No. 12-10512-SMB (Bankr. S.D. NY) (settled); *Callahan v. Taylor Bean & Whitaker Mortgage Corp.,* Case No. 09-00439 (Bankr. M.D. FL) (settled); *Mochnal v. EOS Airlines, Inc*., Case No. 08-08279 (Bankr. S.D. NY) (settled); *Barcelo v. Rhythm and Hues, Inc.,* Case No. 13-01206 (Bankr. C.D. CA) (settled); *Binford v. First Magnus Capital, Inc.*, Case No. 08-01494 (Bankr. D. AZ) (settled); *Bridges v. ContinentalAFA Dispensing Co.,* Case No. 08-45921 (Bankr. E.D. MO) (settled); *Johnson v. First NLC Financial Services, LLC,* Case No. 08-01130 (Bankr. S.D. FL)(settled); *Clayton v. Continental Promotion Group Inc*., Case No. 08-18112 (Bankr. M.D. FL) (settled); *Iannacone v. Fortunoff Holdings Inc.,* 09-22581 (Bankr. S.D. NY) (settled); *Curry v. Caritas Health Care Inc*., Case No. 09-40901 (Bankr. E.D. NY) (settled); *Thielmann, et al., v. MF Global Holdings Ltd., et al.,* Case No. 11-02880 (Bankr. S.D. NY) (settled); *Conn et al. v. Dewey & LeBoeuf LLP,* Case No. 12-01672 (Bankr. S.D. NY) (settled); *Matzen v. Corwood Laboratories, Inc.,* Case No. 10-08003 (Bankr. E.D. NY) (settled); *Decker v. Data Listing Services, LLC,* Case No. 11-06373 (W.D. NY) (settled).

**Jack A. Raisner**

23. Jack A. Raisner is a founding partner at Raisner Roupinian LLP. Prior to forming

Raisner Roupinian LLP, Mr. Raisner spent over a decade as the co-chair of the WARN practice group at an employee rights firm in New York City.

24. In addition to practicing law, Mr. Raisner is Professor of Law at Tobin College of Business, St. John's University. He is the author of *Pregnancy Discrimination and Parental Leave* (Aspen 2000), update editor of the two-volume treatise, *Representing Plaintiffs in Title VII Actions* (Aspen 2006), and numerous articles and legal texts encompassing an extensive range of issues. He is a contributing author of chapters in leading legal treatises, including *Employee Rights Litigation, Disability Discrimination in the Workplace, New York Employment Law, Employment Litigation in New York, West's General Practice in New York*, and *International Labor and Employment Laws*. He has been a member of the American Bar Association, Section of Labor and Employment Law, Fair Labor Standards subcommittee where, starting in 2006, he delivered the annual conference presentation concerning attorneys' ethics in wage and hour class actions. His articles have appeared in various legal journals and publications, including the New York Law Journal and the New York State Bar Association Labor and Employment Newsletter. Mr. Raisner received his B.S. degree from Boston University in 1978 and his J.D. from Benjamin N. Cardozo School of Law in 1983. He is admitted to the New York bar. He is also admitted to practice in several federal district courts, four U.S. Court of Appeals Circuits, and the U.S. Supreme Court.

25. In May 2008, Mr. Raisner submitted testimony from the litigator's perspective on the need for WARN Act reform at the invitation of Senator Edward Kennedy, Chairman of the Senate Health Education Labor and Pensions (HELP) Committee of the U.S. Senate upon the occasion of the Committee's hearing on the 20th Anniversary of the WARN Act, at which his client testified regarding his class action against Quaker Fabrics, which resulted in a $1 million settlement in the U.S. Bankruptcy Court, District of Delaware.

**René S. Roupinian**

26. I am a founding partner of Raisner Roupinian LLP. I have actively litigated cases on behalf of employees under the WARN Act for almost two decades. Prior to forming Raisner Roupinian LLP, I spent over a decade as the co-chair of the WARN practice group at an employee rights firm in New York City. Since 2002, I have devoted 100% of my practice to the litigation of WARN cases. I have served as counsel in more than 150 WARN class actions, representing tens of thousands of employees. Those cases, in addition to the ones mentioned in paragraphs 19 and 20 above, include: *Ballentine v. Triad International Maintenance Corporation*, Case No. 01-10357 (E.D. Mich.); *Scott v. Greenwood Mills. Inc.*, Case No. 02-00221 (D.S.C.); *Andrews v. Pliant Systems Inc.*, Case No. 01-00065 (Bankr. E.D.N.C.); *Law v. American Capital Strategies Ltd.*, Case No. 05-00836 (M.D. Tenn. 2005); *Bandel v. L.F. Brands Marketing, Inc.*, Case No. 04-CV-01672 (S.D.N.Y. 2004); *Walsh v. Consolidated Freightways Corporation*, Case No. 03-01074 MG (Bankr. C.D. Cal.); *Gardner v. Pillowtex Corporation,* Case No. 03-60213 (Bankr. D. Del.); *Baker v. National Machinery Company*, Case No. 02-07444 (N.D. Ohio); *Ruggieri* v. *Teligent, Inc.,* 03-04871 (S.D.N.Y. 2003); *Trout v. Transcom USA, Inc.*, 03-00537 (S.D. Ind.); B*arajas v. Gonzalez Inc.*, Case No. 02-15508 (Bankr. D. Ariz.); *D'Andreis v. Thomaston Mills, Inc.*, Case No. 01-05142 (Bankr. M.D. Ga.); and *Michael Cain v. Inacom Corp.*, 00-01724 (Bankr. D. Del.).

27. I have written numerous articles and lectured on WARN class action litigation. I have spoken on federal and state WARN rights and the litigation of WARN class claims before the American Bar Association, the New York State Bar Association, the National Employment Lawyers Association, the Midwest Regional Bankruptcy Seminar and other organizations, including presenting at the National Conference of Bankruptcy Judges on *Jevic – The Insider Story and the Impact on Future Chapter 11s*. Following is a list of my WARN presentations and

publications:

**Presentations:**

<u>2022</u>
Speaker: "Reevaluating and Revisiting Class Claims," American Bankruptcy Institute Annual Spring Meeting, Washington, D.C.

<u>2020</u>
- Speaker: "What Every Employment Attorney Needs to Know About Bankruptcy, But is Afraid to Ask", National Employment Lawyers Association New York Fall Conference

<u>2019</u>
- Speaker: – Class Action and Bankruptcy Convergence; American Bankruptcy Institute Southeast Workshop

<u>2017</u>
- Speaker: *Jevic* – The Insider Story and the Impact on Future Chapter 11s; National Conference of Bankruptcy Judges

- Speaker: How will *Jevic* Change Chapter 11 Practice? ABI's Midwest Regional Bankruptcy Seminar

<u>2016</u>
- Speaker: "WARN Act Issues in Bankruptcy," 36th Annual ABI Midwestern Bankruptcy Institute

- Speaker: "WARN Act Update: What Labor and Employment Lawyers Need to Know," 53rd Annual Midwest Labor & Employment Law Seminar

<u>2014</u>
- Speaker: "Seeking Your Recovery: Pre-Judgment Attachment and Bankruptcy", National Employment Lawyers Association New York Affiliate

<u>2010</u>
- Speaker: "The Financial Crisis: Impact on WARN Act Cases," ABA Federal Labor Standards Legislation Committee Midwinter Meeting

- Speaker: "The Financial Crisis: Impact on WARN Act Cases," New York County Lawyers' Association

- Speaker: "Economy in Peril (Part 1): The Legal Landscape for Addressing Reductions in Force," American Bar Association teleconference

  o Speaker: "WARN Act Specialist Offers Advice About Layoffs Amidst Tough Economic Times," Employment & Labor LAWCAST

  o Speaker: "Layoff Law," Fairfield County Bar Association

  o Speaker: "New Causes of Action: WARN Act and ERISA," National Employment Lawyers Association New York Affiliate

  o Speaker: "Reductions in Force in Both a Union and Non-Union Setting," New York State Bar Association

  o Speaker: "Attacking Mass Layoffs," National Employment Lawyers Association National Convention

  o Speaker: "Analyzing Employee Issues in Chapter 11," Midwest Regional Bankruptcy Seminar

  o Speaker: "The Last Resort: What Labor & Employment Lawyers Need to Know About Bankruptcy," American Bar Association

<u>2008</u>
  o Speaker: "Grasping the WARN Act through an interactive discussion addressing all the ins and outs," Tonkins Employment Law: Termination

**Publications:**

  o 2010 Co-Author with Jack A. Raisner and Michael Scimone: "*Fair Warning for Workers*," Trial Magazine, August 2010

  o 2008 Author: "*A Practitioner's Overview of the Deficiencies of the Worker Adjustment and Retraining Notification Act Twenty Years Following its Enactment*," The New York Employee Advocate, Volume 14, No. 5, June 2008

28. I have been quoted on WARN law rights and the firm's cases have been cited in such publications as the Wall Street Journal, the New York Times, American Lawyer, Associated Press, USA Today, Forbes, Newsday, Times-Gazette, The Herald News, and others.

29. In May 2008, together with Jack A. Raisner and our client, Joe Aguiar, I submitted testimony to the Senate Health Education Labor and Pensions (HELP) Committee of the U.S. Senate upon invitation from the Committee's Chair, Senator Edward Kennedy on the 20th Anniversary of the WARN Act. My testimony highlighted from a litigator's perspective the

deficiencies in the Act and its need for reform.

30. I received my BA from the University of Michigan, and my JD from Michigan State University College of Law. I am a member of the bars of New York and Michigan. I am also admitted to practice in six federal district courts and the U.S. Supreme Court.

## THE FORM AND MANNER OF NOTICE TO THE CLASS

31. As shown by the accompanying brief, the Proposed Notice to the class satisfies the requirements for such a notice. The Notice fairly apprises Class members of the nature of the action, of his or her right to opt-out of the class, and of the effect of his or her failure to opt-out, namely, that he or she will be bound by the outcome of the litigation (attached as Exhibit C to supporting brief).

32. The motion seeks approval of service of the Proposed Notice by first class mail sent to the address of each class member shown in the records of Defendant. As discussed in the accompanying brief, service in this manner is proper.

## CONCLUSION

In view of the foregoing, the annexed exhibits, the accompanying brief and the accompanying declaration of the Plaintiff in support of the motion, this Court should grant Plaintiff's Motion in its entirety.

DATED: August 3, 2023

By: /s/ René S. Roupinian
RENÉ S. ROUPINIAN