**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PGX HOLDINGS, INC. *et al.,*<br><br>                          Debtors. | Chapter 11<br><br>Case No. 23-10718 (CTG)<br><br>(Jointly Administered)[1] |
| KIRSTEN HANSEN on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>PGX HOLDINGS, INC.; PROGREXION HOLDINGS, INC.; PROGREXION TELESERVICES, INC.; PROGREXION ASG, INC.; PROGREXION IP, INC.; EFOLKS, LLC; CREDITREPAIR.COM, INC.; CREDIT.COM, INC.; and JOHN C. HEATH, ATTORNEY AT LAW PC,<br><br>                  Defendants. | Adv. Proc. No. 23-50396 (CTG) |

**SUPPLEMENTAL DECLARATION OF CHAD WALLACE IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    I, Chad Wallace, hereby declare under penalty of perjury:

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Health, Attorney At Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110) (collectively, the "Debtors").  The location of the Debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

1.      I am the Chief Executive Officer and President of PGX Holdings, Inc. and certain of its affiliated debtors. I submit this declaration in that capacity and based on personal knowledge or a review of relevant corporate documents that were maintained in the ordinary course of the Debtor's business by persons with a responsibility to preserve their accuracy.

2.      On June 4, 2023, I submitted the *Declaration of Chad Wallace in Support of First Day Motions* [D.I. 12] (the "First Day Declaration"), which details the events leading to the Debtors' bankruptcy filings.

3.      This declaration supplements the testimony submitted through that First Day Declaration and supports the Motion for Summary Judgment (the "Motion") filed by the Defendants in the above-captioned adversary proceeding.

4.      Unless otherwise defined, capitalized terms have the same meaning as in the Opening Brief in Support of the Motion.

5.      In 2021, the PGX Defendants generated approximately $457 million in gross revenue.

6.      In 2022, the PGX Defendants generated approximately $335 million in gross revenue, which included $251.6 million paid by Lexington Law for the services described above.

7.      In the first quarter of 2023, the PGX Defendants generated approximately $64 million in gross revenue.

8.      Defendants supplemented their revenue through the Prepetition Facilities, including the December 2022 Facility.

9.      One of the conditions of the December 2022 Facility was that the PGX Defendants would continue operating their business.

10.     On March 17, 2023, the PGX Defendants requested to draw the $30 million balance of the December 2022 Facility to supplement their revenue so they could cover operating expenses, including payroll, and make a $7.7 million interest payment that was due March 31, 2023, on the Prepetition Facilities.

11.     The $30 million in additional funding available under the December 2022 Facility would have also allowed the PGX Defendants to continue business operations for several months.

12.     On March 24, 2023, Prospect did not fund the PGX Defendants' request, stating that the borrowers had not satisfied all conditions under the Prepetition Facilities.

13.     A copy of Prospect's rejection of the $30 million draw is attached as <u>Exhibit 1</u>.

14.     On March 29, 2023, the PGX Defendants replied demanding that Prospect fund the $30 million draw because they had not defaulted under the Second Lien Facility and failure to receive those funds would cause the PGX Defendants to shut down operations.

15.     A copy of the PGX Defendants' reply to Prospect is attached as <u>Exhibit 2</u>.

16.     On Friday, March 31, 2023, the lenders did not fund the $30 million draw under the December 2022 Facility.

17.     Instead, the PGX credit parties negotiated a short forbearance agreement with the prepetition lenders and skipped the $7.7 million interest payment that was due on March 31, 2023. The parties entered into successive forbearance agreements with respect to the Prepetition Facilities effective through June 4, 2023 (collectively, the "<u>Forbearance Agreements</u>"). With the Forbearance Agreements in place, the parties focused on a more comprehensive restructuring transaction to be effectuated through a chapter 11 process.

18.     Throughout the CFPB Litigation, the Defendants worked on alternative business models that would address the CFPB's concerns.

19.     Those efforts continued until April 4, 2023, when the Tenth Circuit denied the motion to for interlocutory appeal and lifted its stay of the March 10 Order.

20.     By then, the PGX Defendants had determined they would run out of liquidity in mid-May 2023, and that a sale of substantially all of their assets, followed by a controlled liquidation through chapter 11 would yield the highest return for creditors.

21.     Between April 5 and 6, 2023, some of the Defendants shut down nearly 80% of their operations while conducting the first round of employee layoffs as follows (the "First Layoffs"):

        a.      Progrexion Teleservices, Inc. laid off a total of 800 employees at 8 facilities located throughout 7 states;

        b.      Progrexion ASG, Inc., laid off 77 employees at 7 facilities located throughout 6 states; and,

        c.      Progrexion Marketing, Inc. laid off 14 employees who worked out of its Salt Lake City, Utah facility.

22.     Examples of the termination notices sent to employees by Progrexion Teleservices, Inc., Progrexion ASG, Inc., and Progrexion Marketing, Inc. during the First Layoffs are attached as Exhibit 3.

23.      Plaintiff was laid off by Progrexion Teleservices, Inc. during the First Layoffs on April 5, 2023.

24.     Between April and May 2023, with the Forbearance Agreements in place, the Defendants and their advisors prepared for a chapter 11 filing. While developing a framework with the existing lenders that contemplated a section 363 sale, followed by a liquidating chapter 11 plan, the Debtors' investment banker aggressively marketed a 6-month debtor-in-possession financing

to at least 30 potential DIP lenders. Despite the robust marketing process, no alternative DIP proposals emerged.

25.     Concurrently, Lexington Law began mothballing operations in advance of the chapter 11 process given that the PGX Defendants could no longer support Lexington Law's practice.

26.     On May 11, 2023, Lexington Law laid off 123 employees who worked in Arizona and Utah; Progrexion ASG, Inc. laid off an additional 13 employees at two locations; and CreditRepair.com, Inc. laid off 15 employees at its facilities in Salt Lake City, Utah (the "Second Layoffs").

27.     Examples of the termination notices sent to employees by Lexington Law and Progrexion ASG, Inc. as part of the Second Layoffs are attached as Exhibit 4.

28.     On May 24, 2023, Plaintiff filed a complaint in the U.S. District Court for the District of Utah against all Defendants alleging the layoffs violated the WARN Act.

29.     To ensure a soft landing in chapter 11 and finalize certain documentation, on May 31, 2023, the First Lien Facility lenders agreed to fund a $2.9 million emergency facility ahead of the filing to help the Defendants ease into chapter 11.

30.     On June 6, 2023, Defendants Lexington Law laid off 13 employees who worked at two facilities in Arizona and Utah; Progrexion ASG, Inc. laid off 17 employees at three facilities in Utah, Texas, and Arizona; and Progrexion Marketing, Inc. laid off 3 employees at its facilities in Salt Lake City, Utah (the "Third Layoffs").

31.     Examples of the termination notices sent to employees by Lexington Law, Progrexion ASG, Inc., and Progrexion Marketing, Inc. during the Third Layoffs are attached as Exhibit 5.

32.     Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing

statements are true and correct to the best of my knowledge, information, and belief.

Dated:  September 22, 2023
Salt Lake City, Utah

/s/ _____
Chad Wallace
Chief Executive Officer and President,
PGX Holdings, Inc.

30472563_v1

# **<u>Exhibit 1</u>**

**(2023-03-24 Prospect Capital Letter)**

**PROSPECT CAPITAL CORPORATION**
10 East 40th Street, 42 Floor
New York, New York  10016

March 24, 2023

PGX Holdings, Inc.
257 East 200 Street, Suite 1200
Salt Lake City, Utah  84111
Attention:    Chad Wallace, Chief Financial Officer
              cwallace@progrexion.com

Dear Mr. Wallace:

Prospect Capital Corporation, a Maryland corporation ("***Prospect***", "***we***" or "***us***"), in its capacity as administrative agent under the Financing Agreement referenced below (in such capacity, the "***Administrative Agent***"), is in receipt of a Notice of Borrowing, dated March 17, 2023, pursuant to which PGX Holdings, Inc., a Delaware corporation (the "***Company***"), has requested a borrowing of Delayed Draw Term Loans on March 31, 2023, under that certain Second Lien Financing Agreement, dated as of July 21, 2021 (as the same may be amended, restated, supplemented or otherwise modified from time to time prior to the date hereof, the "***Financing Agreement***"; capitalized terms used but not defined in this letter (including in this paragraph) have the meanings ascribed to such capitalized terms in the Financing Agreement), by and among, *inter alios*, the Company and the Administrative Agent.

As you are aware, the obligations of the DDTL Lenders to make Delayed Draw Term Loans are subject to the conditions precedent set forth in <u>Section 5.03</u> of the Financing Agreement, including that immediately before and immediately after such borrowing of Delayed Draw Term Loans, and giving effect to the use of proceeds therefrom, no Default or Event of Default shall have occurred and be continuing.

You are further aware the Company is required to deliver on or prior to March 31, 2023, the audited financial statements set forth in <u>Section 7.01(a)(iii)</u> of the Financing Agreement in respect of the fiscal year ended December 31, 2022, "accompanied by a report and an opinion, prepared in accordance with generally accepted auditing standards, of KPMG US LLP or another independent certified public accountant of recognized standing selected by the Parent (which report and opinion shall not include (1) any qualification, exception or explanatory paragraph expressing substantial doubt about the ability of the Parent or any of its Subsidiaries to continue as a going concern or any qualification or exception as to the scope of such audit, or (2) any qualification which relates to the treatment or classification of any item and which, as a condition to the removal of such qualification, would require an adjustment to such item, the effect of which would be to cause any noncompliance with the provisions of <u>Section 7.03</u> [of the Financing Agreement], in each case other than solely with respect to, or resulting from, the maturity date of any Indebtedness)." The failure to so deliver such financial statements, report and opinion by March 31, 2023, will

constitute an Event of Default under the Financing Agreement (such failure at such time as it ripens into an Event of Default, the "<u>Specified Event of Default</u>").

On March 16, 2023, you informed us that KPMG US LLP will not be able to deliver the required financial statements, report and opinion by March 31, 2023, due to the recent ruling in *Bureau of Consumer Financial Protection v. Progrexion Marketing, Inc.* (Case No. 2:19-CV-00298-BSJ), by the U.S. District Court for the District of Utah, Central Division, that certain business activities of Progrexion Marketing, Inc., and certain of its affiliates, have violated the Telemarketing Sales Rule (16 C.F.R § 310.4(a)(2)). Consequently, there is a Default which will ripen into an Event of Default on March 31, 2023, upon or immediately following the funding of the requested Delayed Draw Term Loans. As a result, the conditions precedent to such funding will not have been, and cannot be, satisfied, and, therefore the Delayed Draw Term Lenders are not obligated to fund the requested Delayed Draw Term Loans.

As a First Lien Lender to the Company, Prospect supports the Company's March 16 request to the Company's majority First Lien Lender (i.e., Blue Torch) to put in place a temporary forbearance in respect of the Company's prospective and/or actual breaches of its obligations to (i) pay cash interest, (ii) comply with the minimum liquidity covenant (and other financial covenants, as necessary) set forth in the First Lien Credit Agreement and (iii) deliver the FY 2022 audit.

Prospect intends to promptly engage with the Company and the First Lien Lenders to explore potential restructuring scenarios in an effort to maximize the value of the Company in light of the developments in the CFPB Action.

This letter is not and shall not be deemed to be a waiver of any of the Agents' or the Lenders' rights, powers, privileges or remedies against the Company, any Borrower, any Guarantor, any other Loan Party or any other person or entity, or a waiver of the Specified Event of Default or any other Default or Event of Default. No action, inaction or acquiescence by the Agents or the Lenders, including, without limitation, the acceptance of any payment under the Credit Agreement, shall constitute a waiver of any of the Agents' or the Lenders' rights, powers, privileges or remedies against the Company, any Borrower, any Guarantor, any other Loan Party or any other person or entity, or a waiver of the Specified Event of Default or any other Default or Event of Default. The Agents and the Lenders reserve all other rights and remedies available to them as a result of the Specified Event of Default. No failure or delay by the Agent or any Lender in the exercise of any other rights and remedies shall constitute a waiver of any such right or remedy or the Specified Event of Default or other Event of Default. This letter is not intended to, nor shall it be deemed to be, a complete list of all continuing Defaults or Events of Default, in respect of which all rights are reserved.

*[Remainder of page intentionally left blank]*

2

Sincerely,

**PROSPECT CAPITAL CORPORATION**
as Administrative Agent

By: _____

Name: M. Grier Eliasek
Title:   President and Chief Operating
         Officer

## Exhibit 2

**(2023-03-29 PGX Defendants' Response to Prospect)**



Prospect Capital Corporation
10 East 40th Street, 42 Floor
New York, New York 10016
Attention: M. Grier Eliasek; Jason Wilson
Emails: grier@prospectcap.com; jwilson@prospectcap.com

March 29, 2023

Grier, Jason,

I write on behalf of PGX Holdings, Inc. (collectively with its subsidiaries, the "Company") in its capacity as "Administrative Representative" under that certain Second Lien Financing Agreement, dated as of July 21, 2021 (as the same may be amended, restated, supplemented or otherwise modified from time to time prior to the date hereof, the "Financing Agreement").[1] On March 17, 2023, in accordance with Section 5.03 of the Financing Agreement, the Company provided notice to Prospect Capital Corporation ("Prospect") of the request to draw Delayed Draw Term Loans on March 31, 2023 under the Financing Agreement. The Company received your letter dated March 24, 2023 (the "Prospect Letter") disclaiming Prospect's obligations as a DDTL Lender under the Financing Agreement to fund the requested Delayed Draw Term Loans. The Company rejects the assertion made in the Prospect Letter that the conditions precedent in Section 5.03 of the Financing Agreement have not been, and will not be, satisfied, and urges Prospect to promptly reconsider its refusal to fund such Delayed Draw Term Loans as is required under the Financing Agreement.

The Prospect Letter states that the Company informed you on March 16th, 2023 that the Company's auditor, KPMG US LLP ("KPMG"), will not be able to deliver the financial statements, report, and opinion required under Section 7.01(a)(iii) of the Financing Agreement. This mischaracterizes our discussion. On March 16, 2023, I, along with Mike DeVico, the Company's Chief Executive Officer, informed that you that KPMG might be unable to issue an unqualified audit opinion absent, among other things, the funding of the Delayed Draw Term Loans and a further view on the Company's pending proceeding with the Bureau of Consumer Financial Protection.[2] The next day, the Company submitted the borrowing notice requesting funding of the Delayed Draw Term Loans, and on March 24, 2023 you sent us the Prospect Letter refusing to fund.

---

[1]   Capitalized terms used but not defined in this letter have the meanings ascribed to such capitalized terms in the Financing Agreement.

[2]   *Bureau of Consumer Financial Protection v. Progrexion Marketing, Inc.* (Case No. 2:19-CV-00298-BSJ).

At this time, there is no Default or Event of Default under the Financing Agreement, and Prospect is obligated to fund the Delayed Draw Term Loans in accordance with the notice of borrowing the Company submitted to you on March 17, 2023. Because the Company has satisfied all conditions precedent for the draw of Delayed Draw Term Loans under Section 5.03 of the Financing Agreement, your refusal to fund the request on or before March 31, 2023 constitutes a direct violation of your obligations under the Financing Agreement, including but not limited to the Delayed Draw Term Loan obligations under Section 2.01(a) of the Credit Agreement. Accordingly, we urge you to reconsider your refusal to fund as required under the Financing Agreement.

The Company reserves all rights, remedies, and causes of action in law or equity that it has or may discover against Prospect and its related parties. This letter is not and shall not be deemed to be a waiver of any of the Company's rights, powers, privileges, or remedies against Prospect or any other person or entity, including in connection with the Prospect Letter or any failure to fund.

Sincerely,

PGX Holdings, Inc.
as Administrative Representative

By: _____

Chad Wallace
Chief Financial Officer

cc: Lee Haspel
LHaspel@bluetorchcapital.com

## Exhibit 3

**(Examples of Notices re First Layoffs)**

April 5, 2023

VIA E-MAIL

Name and email address of individual employee

Re: NOTICE TO EMPLOYEES OF COMPANY CLOSURE/LAYOFFS

Dear Progrexion Teleservices, Inc. Employee:

Unfortunately, due to unforeseen business circumstances, Progrexion ASG, Inc. is forced to undertake a layoff effective immediately. All employees of Progrexion Teleservices, Inc. are being separated from employment as of April 5, 2023, and, since your role largely supports the teleservices function, today is your last day of employment. The layoffs are permanent. You will receive more specific information regarding your last day of employment and benefit information from Human Resources. As a result of the loss of your employment, we expect that you are eligible to receive unemployment insurance benefits through your respective state unemployment insurance agency.

The shut down and layoffs are required due to unforeseeable business circumstances Specifically, the layoffs are required due to a court ruling issued in the case of *Bureau of Consumer Financial Protection v. Progrexion Marketing, Inc.*, Case 2:19-CV-00298-BSJ in the United States District Court, District of Utah, which fundamentally eliminates the ability to conduct business in the manner which Progrexion Teleservices, Inc., has operated. We were able to obtain a temporary stay from the United States Court of Appeals for the Tenth Circuit, but that stay was eliminated on April 4, 2023. This ruling and the appellate court's decision to not stay the enforcement of the court ruling were not reasonably foreseeable, which is what is requiring immediate layoffs and this notice.

Due to the above reasons, Progrexion ASG, Inc. was unable to provide notice of these events prior to today and unable to provide you 60 days' notice. To the extent that the above actions constitute a covered event under the federal Worker Adjustment and Retraining Notification Act and Retraining Notification Act or any other notice law, this letter is intended to fulfill any requirements imposed under such laws in light of the circumstances.

For further information regarding this matter, please contact the Human Resources Department by email at HRCentral@Progrexion.com, or to the attention of Human Resources, Progrexion ASG, Inc. at 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111, or via telephone at 801-384-4100.


Sincerely,

Mike DeVico

Chief Executive Officer

April 5, 2023

VIA E-MAIL

Name and email address of individual employee

Re: NOTICE TO EMPLOYEES OF COMPANY CLOSURE/LAYOFFS

Dear Progrexion Teleservices, Inc. Employee:

Unfortunately, due to unforeseen business circumstances, Progrexion Marketing, Inc. is forced to undertake a layoff effective immediately. All employees of Progrexion Teleservices, Inc. are being separated from employment as of April 5, 2023, and, since your role largely supports the teleservices function, today is your last day of employment. The layoffs are permanent. You will receive more specific information regarding your last day of employment and benefit information from Human Resources. As a result of the loss of your employment, we expect that you are eligible to receive unemployment insurance benefits through your respective state unemployment insurance agency.

The shut down and layoffs are required due to unforeseeable business circumstances Specifically, the layoffs are required due to a court ruling issued in the case of *Bureau of Consumer Financial Protection v. Progrexion Marketing, Inc.*, Case 2:19-CV-00298-BSJ in the United States District Court, District of Utah, which fundamentally eliminates the ability to conduct business in the manner which Progrexion Teleservices, Inc., has operated. We were able to obtain a temporary stay from the United States Court of Appeals for the Tenth Circuit, but that stay was eliminated on April 4, 2023. This ruling and the appellate court's decision to not stay the enforcement of the court ruling were not reasonably foreseeable, which is what is requiring immediate layoffs and this notice.

Due to the above reasons, Progrexion Marketing, Inc. was unable to provide notice of these events prior to today and unable to provide you 60 days' notice. To the extent that the above actions constitute a covered event under the federal Worker Adjustment and Retraining Notification Act and Retraining Notification Act or any other notice law, this letter is intended to fulfill any requirements imposed under such laws in light of the circumstances.

For further information regarding this matter, please contact the Human Resources Department by email at HRCentral@Progrexion.com, or  to the attention of Human Resources, Progrexion ASG, Inc. at 257 East 200 South, Suite 1200, Salt Lake City, Utah  84111, or via telephone at 801-384-4100.


Sincerely,

Mike DeVico

Chief Executive Officer

April 5, 2023

VIA E-MAIL

Name and email address of individual employee

Re: NOTICE TO EMPLOYEES OF COMPANY CLOSURE/LAYOFFS

Dear Progrexion Teleservices, Inc. Employee:

Unfortunately, due to unforeseen and faltering business circumstances, Progrexion Teleservices, Inc. is forced to close down effective immediately. All employees of Progrexion Teleservices, Inc. are being separated from employment as of April 5, 2023, and that means today is your last day of employment. The layoffs are permanent. You will receive more specific information regarding your last day of employment and benefit information from Human Resources. As a result of the loss of your employment, we expect that you are eligible to receive unemployment insurance benefits through your respective state unemployment insurance agency.

The shut down and layoffs are required due to unforeseeable business circumstances and as the company is faltering. Specifically, the layoffs are required due to a court ruling issued in the case of *Bureau of Consumer Financial Protection v. Progrexion Marketing, Inc.*, Case 2:19-CV-00298-BSJ in the United States District Court, District of Utah, which fundamentally eliminates the ability to conduct business in the manner which Progrexion Teleservices, Inc., has operated. We were able to obtain a temporary stay from the United States Court of Appeals for the Tenth Circuit, but that stay was eliminated on April 4, 2023. This ruling and the appellate court's decision to not stay the enforcement of the court ruling were not reasonably foreseeable, which is what is requiring immediate layoffs and this notice.

In addition, Progrexion Teleservices, Inc. had been actively seeking capital and investment over the past 60 days. During that time, there was a realistic opportunity to obtain the financing we sought which, if obtained would have allowed us avoid or postpone this shutdown. In good faith, we did not provide notice of a potential shut down before now as that would have prevented us from potentially getting the needed financing and capital. In fact, just prior to the above ruling, we believed we had obtained the needed financial capital and investment, but because of the ruling, the investor backed out.

Due to the above reasons, Progrexion Teleservices, Inc. was unable to provide notice of these events prior to today and unable to provide you 60 days' notice. To the extent that the above actions constitute a covered event under the federal Worker Adjustment and Retraining Notification Act and Retraining Notification Act or any other notice law, this letter is intended to fulfill any requirements imposed under such laws in light of the circumstances.

For further information regarding this matter, please contact the Human Resources Department by email at HRCentral@Progrexion.com, or to the attention of Human Resources, Progrexion ASG, Inc. at 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111, or via telephone at 801-384-4100.

Sincerely,

Mike DeVico

Chief Executive Officer

# Exhibit 4

**(Examples of Notices re Second Layoffs)**

May 11, 2023

VIA Email

Name of individual employee
Address of individual employee

Re: NOTICE TO EMPLOYEES OF COMPANY CLOSURE/LAYOFFS

Dear Creditrepair.com Employee:

Unfortunately, due to unforeseen and faltering business circumstances, Creditrepair.com, Inc. ("Creditrepair.com") is forced to undertake a layoff. A large group of Creditrepair.com employees are being separated from employment as of May 11, 2023, and that means today is your last day of employment. The layoffs are permanent. You will receive more specific information regarding your last day of employment and benefit information from Human Resources. As a result of the loss of your employment, we expect that you are eligible to receive unemployment insurance benefits through your respective state unemployment insurance agency.

Creditrepair.com had been actively seeking capital and investment over the past few months. During that time, there was a realistic opportunity to obtain the financing we sought to save the business. Had the financing been obtained, it would have enabled Creditrepair.com to avoid or postpone any shut down. In good faith, and in hopes of saving the business, we did not provide notice of a potential shut down before now as that would have prevented us from getting the needed financing and capital. Unfortunately, Creditrepair.com was not able to obtain the necessary funding.

Due to the above reasons, Creditrepair.com was unable to provide notice of these events prior to today and unable to provide you 60 days' notice. To the extent that the above actions constitute a covered event under the federal Worker Adjustment and Retraining Notification Act and Retraining Notification Act or any other notice law, this letter is intended to fulfill any requirements imposed under such laws in light of the circumstances.

For further information regarding this matter, please contact the undersigned by mail at 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111, by email at HRCentral@progrexion.com or via telephone at 801-384-4100.

Sincerely,


Chad Wallace
Chief Executive Officer

# Exhibit 5

**(Examples of Notices re Third Layoffs)**

June 6, 2023

VIA E-MAIL

Name and email address of individual employee

Re: NOTICE TO EMPLOYEES OF COMPANY CLOSURE/LAYOFFS

Dear Progrexion Marketing, Inc. Employee:

Unfortunately, due to unforeseen business circumstances, Progrexion Marketing, Inc. is forced to undertake a layoff effective immediately. A large number of Progrexion Marketing, Inc. employees are being separated from employment as of June 6, 2023, and that means today is your last day of employment. The layoffs are permanent. You will receive more specific information regarding your last day of employment and benefit information from Human Resources. As a result of the loss of your employment, we expect that you are eligible to receive unemployment insurance benefits through your respective state unemployment insurance agency.

Progrexion Marketing, Inc. had been actively seeking capital and investment over the past few months. During that time, there was a realistic opportunity to obtain the financing we sought to save the business. Had the financing been obtained, it would have enabled Progrexion Marketing, Inc. to avoid or postpone any shut down. In good faith, and in hopes of saving the business, we did not provide notice of a potential shut down before now as that would have prevented us from getting the needed financing and capital. Unfortunately, Progrexion Marketing, Inc.  was not able to obtain the necessary funding.

Due to the above reasons, Progrexion Marketing, Inc. was unable to provide notice of these events prior to today and unable to provide you 60 days' notice. To the extent that the above actions constitute a covered event under the federal Worker Adjustment and Retraining Notification Act and Retraining Notification Act or any other notice law, this letter is intended to fulfill any requirements imposed under such laws in light of the circumstances.

For further information regarding this matter, please contact the Human Resources Department by email at HRCentral@Progrexion.com, or  to the attention of Human Resources, Progrexion ASG, Inc. at 257 East 200 South, Suite 1200, Salt Lake City, Utah  84111, or via telephone at 801-384-4100.


Sincerely,

Chad Wallace

Chief Executive Officer