# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PGX HOLDINGS, INC., *et al.*[1] ,<br><br>        Debtors. | Chapter 11<br><br>Case No. 23-10718 (CTG)<br><br>(Joint Administration Pending) |
| KIRSTEN HANSEN on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>PGX HOLDINGS, INC.; PROGREXION HOLDINGS, INC.; PROGREXION TELESERVICES, INC.; PROGREXION MARKETING, INC.; PROGREXION ASG, INC.; PROGREXION IP, INC,; EFOLKS, LLC; CREDITREPAIR.COM, INC.; CREDIT.COM, INC.; and JOHN C. HEATH, ATTORNEY AT LAW, PLLC,<br><br>        Defendants. | Adv. Proc. No. 23-50396(CTG) |

## DECLARATION OF JACK A. RAISNER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION TO DEFER RULING

Jack A. Raisner hereby declares the following under penalty of perjury:

1. I am a partner of Raisner Roupinian LLP, the law firm that represents Kirsten Hansen ("Plaintiff") in the above-captioned action.

2. This declaration is submitted in support of Plaintiff's Opposition to Defendants'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Heath, Attorney at Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the Debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

Motion for Summary Judgment and Cross-Motion to Defer Ruling.

3. Attached as Exhibit 1 is a true and correct copy of "Form of Notice of Borrowing," dated March 17, 2023.

4. Attached as Exhibit 2 is a true and correct copy of a letter dated March 24, 2023, from Prospect Capital Corporation to PGX Holdings, Inc.

5. No Rule 26(f) conference has occurred.

6. No scheduling order has been entered.

7. No order has been issued by the Court authorizing the parties to commence discovery under Fed.R.Civ. P. 26.

8. On October 3, 2023, after Defendants filed their Motion for Summary Judgment, Plaintiff served a First Request for Production of Documents ("RTP") to Defendants, consisting of twelve (12) limited requests seeking documents specifically related to Defendants' statutory defenses, as follows:

UBC defense:

- Communications between Defendants and its main lenders regarding the prospective or actual default of PGX of the First and Second Lien Facilities (RTP 3)

- Communications between Defendants and its main lenders regarding Prospect Capital's denial of the request for $30 million loan (RTP 8)

Faltering Company defense:

- The inability of PGX to provide FY 2022 audited financial statement, report and opinion (which was required to be delivered by March 31, 2023 under the terms of the Second Lien Facility. (RTP 4, 7)

- Amendments, forbearances or other modifications to the Second Lien Facility during

the months immediately preceding the terminations (RTP 9).

- The request by PGX to its lenders for a $30 million loan on or about March 17, 2023 (RTP 6, 8), efforts to seek capital or financing that would have enabled the terminations of the Plaintiff and Putative Class Members (RTP 11) .

<u>Liquidating Fiduciary defense</u>:

- actions taken to prepare for or implement a layoff of employees or a shutdown of operations (RTP No. 12).

<u>Financial condition of PGX in early 2023</u> (prior to April 5 terminations):

- Copies of the Defendants' First and Second Lien Facilities, which provided Defendants' working capital and credit lines to operate its business (RTP 1, 2).

- Documents related to the preparation of Defendants' FY 2022 audited financial statement, report and opinion including drafts of audits, auditor working papers, notes, correspondence, facsimiles, texts, and messages. (RTP 4, 5).

9. No documents have been produced in response to Plaintiff's RTP.

10. On October 3, 2023, Plaintiff served subpoenas on KPMG US, LLP and Prospect Capital Corporation. (Adv. D.I. 24-27). KPMG US, LLP and Prospect Capital Corporation refuse to provide the information sought in the subpoenas, in part because no Rule 26(f) conference has occurred and there is no scheduling order or other authorization from the Court to commence discovery under Fed.R.Civ. P. 26.

11. Because discovery has not commenced, Plaintiff has insufficient information to respond to certain facts characterized as "undisputed" in Defendants' moving brief. (Plaintiff's

Response to Defendants' Statement of Undisputed Facts, ¶¶ 30-40, 46-57, 61, 64-65).

DATED: October 20, 2023

                                                  By:  /s/ Jack A. Raisner
                                                        JACK A. RAISNER

# EXHIBIT 1

| | | |
|---|---|---|
| **PGX Holdings, Inc.** | 257 E 200 S, SUITE 1200<br>SALT LAKE CITY, UT 84111<br>TELEPHONE: (801) 677-0100<br>FACSIMILE: (801) 936-0861 | CHAD WALLACE<br>CHIEF FINANCIAL OFFICER<br>CWALLACE@PROGREXION.COM |

<u>EXHIBIT C</u>

FORM OF NOTICE OF BORROWING

March 17, 2023

Prospect Capital Corporation
as Administrative Agent for the Lenders
party to the Financing Agreement referred to below
10 East 40th Street, 42nd Floor
New York, New York 10016
Attention: General Counsel and Jason Wilson
Facsimile No.: 212-448-9652
Email: fax@prospectcap.com; pl@prospectcap.com; pacct@prospectcap.com; jwilson@prospectcap.com; grier@prospectcap.com; jbarry@prospectcap.com

Ladies and Gentlemen:

The undersigned, PGX Holdings, Inc., a Delaware corporation ("<u>Parent</u>" or the "<u>Administrative Representative</u>"), (i) refers to the Second Lien Financing Agreement, dated as of July 21, 2021 (as the same may be amended, restated, supplemented or otherwise modified from time to time, including any replacement agreement therefor, the "<u>Financing Agreement</u>"), by and among the Parent, each subsidiary of the Parent listed as a "<u>Borrower</u>" on the signature pages thereto and each other Person that executes a joinder agreement and becomes a "<u>Borrower</u>" thereunder (each a "<u>Borrower</u>" and collectively, the "<u>Borrowers</u>"), each subsidiary of the Parent listed as a "<u>Guarantor</u>" on the signature pages thereto (together with the Parent and each other Person that executes a joinder agreement and becomes a "Guarantor" thereunder, each, a "<u>Guarantor</u>" and, collectively, the "<u>Guarantors</u>"), the lenders from time to time party thereto (each, a "<u>Lender</u>" and, collectively, the "<u>Lenders</u>"), Prospect Capital Corporation, a Maryland corporation ("<u>Prospect</u>"), as collateral agent for the Lenders (in such capacity, together with its permitted successors and assigns in such capacity, the "<u>Collateral Agent</u>"), and Prospect, as administrative agent for the Lenders (in such capacity, together with its permitted successors and assigns in such capacity, the "<u>Administrative Agent</u>" and, together with the Collateral Agent, each, an "<u>Agent</u>" and, collectively, the "<u>Agents</u>") and (ii) hereby gives you notice pursuant to Section 2.02 of the Financing Agreement that the undersigned hereby requests a Loan under the Financing Agreement (the "<u>Proposed Loan</u>"), and in connection therewith sets forth below the information relating to such Proposed Loan as required by Section 2.02 of the Financing Agreement. All capitalized terms used but not defined herein have the same meanings herein as set forth in the Financing Agreement.

    a.    The borrowing date of the Proposed Loan is March 31, 2023.

    b.    The aggregate principal amount of the Proposed Loan is $30,000,000.

    c.    The Proposed Loan shall be a Delayed Draw Term Loan.

    d.    The proceeds of the Proposed Loan are to be disbursed pursuant to the instructions set forth on Exhibit A attached hereto.

The undersigned certifies as of the date of the Effective Date: (i) the representations and warranties contained in Article VI of the Financing Agreement and in each other Loan Document are true and correct in all material respects (except that such materiality qualifier shall not be applicable to any representations or warranties that already are qualified or modified as to materiality or "Material Adverse Effect" in the text thereof, which representations and warranties shall be true and correct in all respects subject to such qualification) on and as of the Effective Date as though made on and as of such date, except to the extent that any such representation or warranty expressly relates solely to an earlier date (in which case such representation or warranty shall be true and correct in all material respects (except that such materiality qualifier shall not be applicable to any representations or warranties that already are qualified or modified as to materiality of "Material Adverse Effect" in the text thereof, which representations and warranties shall be true and correct in all respects (except that such materiality qualifier shall not be applicable to any representation or warranties that already are qualified or modified to materiality of "Material Adverse Effect" in the text thereof, which representation and warranties shall be true and correct in all respects subject to such qualifiers) on and as of such earlier date), (ii) at the time of and immediately after giving effect to the making of the Proposed Loan and the application of the proceeds thereof, no Default or Event of Default shall have occurred and be continuing or would result from the Financing Agreement or any other Loan Documents becoming effective in accordance with its or their respective terms or the making of the Loan to be made, on such date and (iii) the conditions set forth in Section 5.01 of the Financing Agreement shall have been satisfied or waived in writing by the applicable Lenders as of the date of the Proposed Loan.

[SIGNATURE PAGES FOLLOW]

Very truly yours,

**PGX HOLDINGS, INC.**,
as Administrative Representative

By: _____
Name: Chad Wallace
Title: Chief Financial Officer

## EXHIBIT A

## WIRING INSTRUCTIONS

| Payee | Wiring Instructions |
|---|---|
| PGX Holdings, Inc. | Bank: Bank of America<br>257 E. 200 S., Suite 1200,<br>Salt Lake City, UT 84111<br>ABA # 026009593<br>Account # 1453918275<br>Ref: Delayed Draw<br>Term Loan |

# EXHIBIT 2

**PROSPECT CAPITAL CORPORATION**
10 East 40th Street, 42 Floor
New York, New York  10016

March 24, 2023

PGX Holdings, Inc.
257 East 200 Street, Suite 1200
Salt Lake City, Utah  84111
Attention:   Chad Wallace, Chief Financial Officer
             cwallace@progrexion.com

Dear Mr. Wallace:

Prospect Capital Corporation, a Maryland corporation ("**_Prospect_**", "*we*" or "*us*"), in its capacity as administrative agent under the Financing Agreement referenced below (in such capacity, the "**_Administrative Agent_**"), is in receipt of a Notice of Borrowing, dated March 17, 2023, pursuant to which PGX Holdings, Inc., a Delaware corporation (the "**_Company_**"), has requested a borrowing of Delayed Draw Term Loans on March 31, 2023, under that certain Second Lien Financing Agreement, dated as of July 21, 2021 (as the same may be amended, restated, supplemented or otherwise modified from time to time prior to the date hereof, the "**_Financing Agreement_**"; capitalized terms used but not defined in this letter (including in this paragraph) have the meanings ascribed to such capitalized terms in the Financing Agreement), by and among, *inter alios*, the Company and the Administrative Agent.

As you are aware, the obligations of the DDTL Lenders to make Delayed Draw Term Loans are subject to the conditions precedent set forth in Section 5.03 of the Financing Agreement, including that immediately before and immediately after such borrowing of Delayed Draw Term Loans, and giving effect to the use of proceeds therefrom, no Default or Event of Default shall have occurred and be continuing.

You are further aware the Company is required to deliver on or prior to March 31, 2023, the audited financial statements set forth in Section 7.01(a)(iii) of the Financing Agreement in respect of the fiscal year ended December 31, 2022, "accompanied by a report and an opinion, prepared in accordance with generally accepted auditing standards, of KPMG US LLP or another independent certified public accountant of recognized standing selected by the Parent (which report and opinion shall not include (1) any qualification, exception or explanatory paragraph expressing substantial doubt about the ability of the Parent or any of its Subsidiaries to continue as a going concern or any qualification or exception as to the scope of such audit, or (2) any qualification which relates to the treatment or classification of any item and which, as a condition to the removal of such qualification, would require an adjustment to such item, the effect of which would be to cause any noncompliance with the provisions of Section 7.03 [of the Financing Agreement], in each case other than solely with respect to, or resulting from, the maturity date of any Indebtedness)." The failure to so deliver such financial statements, report and opinion by March 31, 2023, will

constitute an Event of Default under the Financing Agreement (such failure at such time as it ripens into an Event of Default, the "Specified Event of Default").

On March 16, 2023, you informed us that KPMG US LLP will not be able to deliver the required financial statements, report and opinion by March 31, 2023, due to the recent ruling in *Bureau of Consumer Financial Protection v. Progrexion Marketing, Inc.* (Case No. 2:19-CV-00298-BSJ), by the U.S. District Court for the District of Utah, Central Division, that certain business activities of Progrexion Marketing, Inc., and certain of its affiliates, have violated the Telemarketing Sales Rule (16 C.F.R § 310.4(a)(2)).  Consequently, there is a Default which will ripen into an Event of Default on March 31, 2023, upon or immediately following the funding of the requested Delayed Draw Term Loans.  As a result, the conditions precedent to such funding will not have been, and cannot be, satisfied, and, therefore the Delayed Draw Term Lenders are not obligated to fund the requested Delayed Draw Term Loans.

As a First Lien Lender to the Company, Prospect supports the Company's March 16 request to the Company's majority First Lien Lender (i.e., Blue Torch) to put in place a temporary forbearance in respect of the Company's prospective and/or actual breaches of its obligations to (i) pay cash interest, (ii) comply with the minimum liquidity covenant (and other financial covenants, as necessary) set forth in the First Lien Credit Agreement and (iii) deliver the FY 2022 audit.

Prospect intends to promptly engage with the Company and the First Lien Lenders to explore potential restructuring scenarios in an effort to maximize the value of the Company in light of the developments in the CFPB Action.

This letter is not and shall not be deemed to be a waiver of any of the Agents' or the Lenders' rights, powers, privileges or remedies against the Company, any Borrower, any Guarantor, any other Loan Party or any other person or entity, or a waiver of the Specified Event of Default or any other Default or Event of Default.  No action, inaction or acquiescence by the Agents or the Lenders, including, without limitation, the acceptance of any payment under the Credit Agreement, shall constitute a waiver of any of the Agents' or the Lenders' rights, powers, privileges or remedies against the Company, any Borrower, any Guarantor, any other Loan Party or any other person or entity, or a waiver of the Specified Event of Default or any other Default or Event of Default.  The Agents and the Lenders reserve all other rights and remedies available to them as a result of the Specified Event of Default.  No failure or delay by the Agent or any Lender in the exercise of any other rights and remedies shall constitute a waiver of any such right or remedy or the Specified Event of Default or other Event of Default.  This letter is not intended to, nor shall it be deemed to be, a complete list of all continuing Defaults or Events of Default, in respect of which all rights are reserved.

*[Remainder of page intentionally left blank]*

Sincerely,

**PROSPECT CAPITAL CORPORATION**
as Administrative Agent

By: _____
Name: M. Grier Eliasek
Title: President and Chief Operating Officer