A-1

## Exhibit A

## Proposed Order

10556333.v4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PGX HOLDINGS, INC., *et al.*,[1] | ) | Case No. 23-10718 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. __** |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF
WILLIAMS & CONNOLLY AS SPECIAL LITIGATION COUNSEL
*NUNC PRO TUNC* TO JUNE 4, 2023 PURSUANT TO SECTIONS
327(E), 328(A), 330, AND 363(B)(1) OF THE BANKRUPTCY CODE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors, to retain and employ Williams & Connolly as Special Litigation Counsel, effective as of June 4, 2023, pursuant to sections 327(e), 328(a), 330, 363(b)(1) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016, and 5002, all as more fully set forth in the Application and the Bennett Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found based on the representations made in the Application and in the

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Health, Attorney At Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110).  The location of the debtors' service address for purposes of these chapter 11 cases is:  257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

[2]     Capitalized terms used but not defined herein shall have the meanings given to such terms in the Application.

A-2

Bennett Declaration that that Williams & Connolly does not hold or represent an interest adverse to the Debtors' estates with respect to the matters on which Williams & Connolly is to be retained as required by section 327(e) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted effective as of June 4, 2023.

2.      The Debtors are authorized to employ Williams & Connolly as Special Litigation Counsel pursuant to sections 327(e), 328(a), 330, and 363(b)(1) of the Bankruptcy Code in connection with, and through the completion of, all of the CFPB Litigation (as that term is defined in the Application) in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached to the Bennett Declaration as **Exhibit 1**.

3.      Williams & Connolly shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 328, 330, and 331 of the Bankruptcy Code (as applicable) and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Williams & Connolly also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

A-3

10556333.v4

*Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by Williams & Connolly in these chapter 11 cases.

4.      Notwithstanding anything in the Engagement Letter to the contrary, Williams & Connolly shall apply any remaining amounts of its prepetition retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Williams & Connolly.  Williams & Connolly is authorized without further order of the Court to reserve and apply amounts from the prepetition retainers that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Williams & Connolly for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

5.      Williams & Connolly shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Williams & Connolly to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

6.      Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Williams & Connolly's fee applications under the Bankruptcy Code are not approved.

7.      Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, any provisions regarding the ability of the

10556333.v4

Debtors to object to fees and expenses of Williams & Connolly previously paid by the Debtors and as provided under the Engagement Letter are not approved.

8.    Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtors' retention of Williams & Connolly, Williams & Connolly shall not seek reimbursement of expenses for office supplies.

9.    Williams & Connolly shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

10.    Williams & Connolly shall use its reasonable best efforts to avoid duplication of services provided to any of the Debtors' other retained professionals in these chapter 11 cases.

11.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12.    Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

13.    To the extent the Application, the Bennett Declaration, or the Engagement Letter (as defined in the Bennett Declaration) are inconsistent with this Order, the terms of this Order shall govern.

10556333.v4

A-6

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

15.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10556333.v4