**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PGX HOLDINGS, INC., *et al.*,[1] | ) | Case No. 23-10718 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | Objection Deadline: July 14, 2023 at 4:00 p.m. (ET) |
|  | ) | Hearing Date: July 21, 2023 at 10:00 a.m. (ET) |

**DEBTORS' APPLICATION PURSUANT TO SECTION
327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1 FOR
AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL &
JONES LLP AS CONFLICTS COUNSEL FOR JOHN C. HEATH, ATTORNEY AT
LAW PC DBA LEXINGTON LAW FIRM *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases file this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as conflicts counsel for Debtor John C. Heath, Attorney at Law PC d/b/a Lexington Law Firm ("Lexington Law Firm"), effective *nunc pro tunc*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Heath, Attorney At Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the Debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

to the Petition Date (as defined herein).  In support of the Application, the Debtors rely on:  (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, attached hereto as **Exhibit B** (the "Rule 2016 Statement"); (ii) the *Declaration of Laura Davis Jones in Support of Debtors' Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Conflicts Counsel for John C. Heath, Attorney at Law PC* Nunc Pro Tunc *to the Petition Date*, attached hereto as **Exhibit C** (the "Jones Declaration"); and (iii) the declaration of Roger Meltzer attached hereto as **Exhibit D** (the "Meltzer Declaration"), all of which are being submitted concurrently with this Application.  In support of this Application, the Debtors respectfully state the following:

**Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## Background

4. On June 4, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these cases (the "Cases"). The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Cases have been procedurally consolidated and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these Cases.  On June 14, 2023, the United States Trustee for Region 3 appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") consisting of three members [Docket No. 90].

5. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to these Cases, is set forth in the *Declaration of Chad Wallace, Chief Executive Officer of PGX Holdings, Inc., in Support of Chapter 11 Filing and First Day Motions* (the "First Day Declaration") [Docket No. 12], which is incorporated herein by reference.

## Relief Requested

6. By this Application, the Debtors seek to employ and retain PSZ&J as conflicts counsel to Debtor John C. Heath, Attorney at Law PC, an independently-owned Utah professional corporation that provides credit repair legal services directly to its clients.  John C. Heath, Attorney at Law PC licenses the "Lexington Law" brand from the other Debtors and does

business under that name." PSZ&J's retention is sought with regard to matters where Lexington Law Firm may be adverse to the other Debtors. Accordingly, the Debtors respectfully request that this Court enter the Order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 authorizing them to employ and retain PSZ&J as conflicts counsel to Lexington Law Firm under a general retainer to perform the legal services that will be necessary during these Cases pursuant to the terms set forth in the Application and the Jones Declaration *nunc pro tunc* to the Petition Date.

### **PSZ&J's Qualifications**

7. The Debtors seek to retain PSZ&J as conflicts counsel to Lexington Law Firm because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. In preparing for their representation of Lexington Law Firm in these cases, PSZ&J has become familiar with the Debtors' affairs and many of the potential legal issues that may arise in the context of these Cases.

8. The professional services that PSZ&J will provide include, but shall not be limited to:

   a. advising Lexington Law Firm in connection with any matters where Lexington Law Firm may be adverse to the other Debtors;

   b. appearing in Court on behalf of Lexington Law Firm as conflicts counsel;

   c. monitoring the docket for filings and consulting Lexington Law Firm on pending matters that need responses; and

   d. working with the Debtors' other professionals to prevent duplication of efforts in the course of advising Lexington Law as conflicts counsel.

9. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The rates for attorneys and paralegals designated to represent Lexington Law Firm are as follows:

    a. Partners               $995.00 to $1,995.00 per hour

    b. Of Counsel            $875.00 to $1,525.00 per hour

    c. Associates             $725.00 to $895.00 per hour

    d. Paraprofessionals     $495.00 to $545.00 per hour

10. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature, and are the same as the rates PSZ&J's professionals charge for similar representations. These rates are set at a level designed to compensate PSZ&J fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses, and the rates are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is PSZ&J's policy to charge for all other reasonable expenses incurred in connection with its clients' cases. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge Lexington Law Firm for these expenses in a manner and at rates consistent with those charged to other PSZ&J

clients and the rules and requirements of this Court.  PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

11. To the best of the Debtors' knowledge, except as otherwise disclosed in the Jones Declaration submitted concurrently herewith, PSZ&J has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates.  Further, to the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estates, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors and their estates.

12. PSZ&J has received a retainer from Lexington Law Firm in the amount of $185,000 in connection with its representation of Lexington Law Firm as conflicts counsel.  The retainer will be applied to PSZ&J's fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

13. Lexington Law Firm understands that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred after the Petition Date.

14. Lexington Law Firm, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court, proposes to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth above

and in the Jones Declaration, and to reimburse PSZ&J according to its customary reimbursement policies, and submits that such rates are reasonable.

## Notice

15.  Notice of this Application shall be given to: (a) the U.S. Trustee for the District of Delaware; (b) counsel to the Creditors' Committee; (c) the administrative agent under the Debtors' prepetition revolving credit facility and the Debtors' proposed debtor in possession ABL financing facility and counsel thereto; (d) the administrative agent under the Debtors' proposed debtor in possession term loan facility and counsel thereto; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the state attorneys general for all states in which the Debtors conduct business; and (h) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be provided.

## No Prior Request

16.  No prior request for the relief sought in this Application has been made to this Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, authorizing Lexington Law Firm to retain and employ Pachulski Stang Ziehl & Jones LLP as conflicts counsel and granting such other and further relief as is just and proper.

Dated:  June 30, 2023
Salt Lake City, Utah

*/s/ Roger Meltzer*
Roger Meltzer
Director
John C. Heath, Attorney at Law PC

DOCS_DE:243590.3 52581/001